[Crim. No. 26535. Second Dist., Div. One. Jan. 29, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
GERALD LOUIS MOLINA, Defendant and Appellant.

## COUNSEL

Donald Wadleigh, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Donald F. Roeschke, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOOD, P. J.**—Defendant, in propria persona, filed a notice of appeal from "the judgment" in five cases, numbers A-257531, A-303667, A-427041, A-419034, and A-418054. Two of the cases (A-419034, A-418054) were consolidated for trial in the superior court. The notice of appeal will be treated as an appeal from the judgment in each case, and as a motion to consolidate all the appeals.

In case No. A-303667 the defendant was accused in counts 1 and 2 (as renumbered) of violating section 11351 of the Health and Safety Code

(possession of heroin for sale; and possession of amphetamine sulphate for sale, respectively); and in count 3 of violating section 11359 of the Health and Safety Code (possession of marijuana for sale). In a jury trial he was found guilty on counts 1 and 2, and not guilty on count 3. He was sentenced to state prison on counts 1 and 2—the sentences to run concurrently; and he was allowed credit for 141 days served prior to sentencing. On his appeal from that judgment, he contends that he was denied his constitutional right to be present during the trial; the court erred in receiving evidence of flight; and he was denied effective assistance of counsel.

In case No. A-257531, wherein he had been convicted of attempted rape, probation had been granted. Probation had been revoked and reinstated on condition that defendant serve six months in county jail. The reinstated probation was revoked and the defendant was sentenced to state prison. On his appeal from the judgment he contends that he was denied credit for presentence time served in jail.

In case numbers A-418054 and A-419034 (consolidated in trial court, wherein the charge in A-418541 was count 1, and the charge in A-419034 was count 2), defendant had pleaded guilty to count 2 (violation of Health & Saf. Code, § 11911); and count 1 (case No. A-418541) was dismissed. He was sentenced to state prison; execution of the sentence was suspended; and probation was granted. Probation was revoked, and the defendant was sentenced to state prison.

In case No. A-427041, the defendant had pleaded nolo contendere to burglary of the second degree; proceedings therein were suspended; and probation was granted. Probation was revoked, and he was sentenced to county jail. On his appeal from the judgment he contends that he was denied credit for presentence time served in jail.

As above indicated, defendant's contentions are directed principally to case No. A-303667, wherein he was convicted on two counts of violating section 11351 of the Health and Safety Code. In that case, voir dire examination of prospective jurors was commenced on May 20, 1974; defendant was present in court while 11 jurors were being selected; and at 5 p.m. the court adjourned until the following morning. When proceedings resumed on the following morning (May 21, 1974), defendant was absent; and the matter was continued until 2 p.m. Defendant did not appear in the afternoon. At 2:35 p.m. the judge said that the bailiff had checked with the police department and the sheriff's office

and had received information that defendant was not in custody. Defendant's counsel said that he had not heard from the defendant; that in the previous evening he had discussed the composition of the jury with the defendant and made it clear that defendant be sure to be in court at 9:45 a.m. The court asked whether Fernandez (codefendant) was in touch with defendant; and Fernandez replied in the negative and said that he had no idea where the defendant was. Then the court found that there was no justifiable excuse for defendant's absence, ordered that bail be forfeited, and issued a bench warrant for defendant's arrest. The judge stated further that there was no reason to conclude other than that defendant voluntarily absented himself from court and that voir dire of the jury would proceed. Defendant's counsel objected to proceeding with the trial in the absence of defendant. The objection was overruled. A 12th juror was selected; the jury was sworn; the trial proceeded in defendant's absence; and on May 28, 1974, the jury found him guilty.[1]

On August 6, 1974 (approximately two months after verdict), defendant appeared in court; and the matter was set for hearing regarding probation and sentence on November 6, 1974. On that day, defendant appeared for the hearing; and he was sentenced to state prison and given credit for 141 days served in jail prior to the sentence.

Appellant contends that he was denied his right to be present at the trial in case No. A-303667.

Section 1043 of the Penal Code provides in part: "(a) Except as otherwise provided in this section, the defendant in a felony case shall be personally present at the trial. (b) The absence of the defendant in a felony case after the trial has commenced in his presence shall not prevent continuing the trial to, and including, the return of the verdict in any of the following cases: . . . (2) Any prosecution for an offense which is not punishable by death in which the defendant is voluntarily absent."

---

[1] In substance, the evidence was that on December 20, 1973, an officer (undercover) went with Fernandez and Nixon to an apartment to purchase narcotics; the officer parked the car near the house and gave Fernandez $50 in prerecorded money; Nixon gave Fernandez $25; Fernandez went in to the apartment and gave the $75 to defendant; defendant gave Fernandez three "rolled balloons"; Fernandez returned to the car (after approximately 15 minutes) and handed the balloons to the officer; the officer went to the apartment and knocked on the door; a woman opened the door, said she rented the apartment, and she gave him permission to search it; he entered the apartment and saw the defendant watching television in the living room; the officer found balloons, narcotic paraphernalia, amphetamine tablets and marijuana in bedrooms in the house; in a wallet in a bedroom he found the prerecorded money; an officer asked defendant whether he wanted the wallet, and defendant said, "Leave it with her."; the balloons contained heroin; and in the officer's opinion the heroin was possessed for sale.

■ Appellant argues that the trial herein had not commenced when he was absent in that the jury had not yet been impanelled or sworn.

Respondent argues that although the jury had not been sworn at the time defendant disappeared, "there is no reason to distinguish the instant case from the case in which the defendant absents himself after the jury is sworn"; and this case "was clearly called for trial when appellant was still present." (Respondent cites *State* v. *Melendez* (Fla.) 244 So.2d 137, 139.)

California cases have held that a felony case (where offense is not punishable by death) may proceed in the absence of a defendant when his voluntary absence occurs after the trial has commenced. (See *People* v. *Malloy,* 41 Cal.App.3d 944, 953-954 [116 Cal.Rptr. 592], wherein defendant's absence occurred after the jury was instructed and sent out to deliberate (see p. 949); and *People* v. *Connolly,* 36 Cal.App.3d 379, 382-383 [111 Cal.Rptr. 409], wherein defendant's absence occurred at the close of the first day of the trial.) A question, however, is whether a trial may proceed under circumstances where defendant's voluntary absence occurred before the jury was impanelled or sworn, or before the first witness is sworn.

Section 12, subdivision (b)(1) of the Evidence Code provides: "A trial is commenced when the first witness is sworn or the first exhibit is admitted into evidence and is terminated when the issue upon which such evidence is received is submitted to the trier of fact." As previously stated, section 1043 of the Penal Code provides that absence of a defendant "after the trial has commenced in his presence" shall not prevent continuing the trial to verdict. A defendant in a jury trial is not in jeopardy until the jury is duly impanelled and sworn to try the cause. (See *People* v. *Upshaw,* 13 Cal.3d 29, 32-33 [117 Cal.Rptr. 668, 528 P.2d 756]; *People* v. *Beasley,* 5 Cal.App.3d 617, 635 [85 Cal.Rptr. 501].) In the present case the defendant's absence occurred prior to the time the jury was impanelled and sworn to try the cause; and before the first witness was sworn, and before an exhibit was admitted in evidence. It thus appears that his absence occurred before the trial commenced, within the meaning of section 1043 of the Penal Code, and before defendant was in jeopardy. Defendant's counsel objected to the continuance of the trial in defendant's absence. The court erred in overruling the objection, and in proceeding with the trial. The judgment in case No. A-303667 should be reversed. In view of that conclusion, it is unnecessary to discuss appellant's other contentions in that case.

Appellant contends further that the judgments in cases Nos. A-257531, A-427041, A-419034, and A-418054 should be reversed because the revocation of probation in each ; of those cases resulted from the conviction in case No. A-303667. When the judge sentenced the defendant in case No. A-303667, he referred to the granting of probation in each of the other above-mentioned cases; and he said that he had reviewed the files in those cases regarding the granting of probation. Defendant's counsel asked whether the court was basing the revocation of probation in those cases upon the conviction in case No. A-303667. The judge said it was not necessarily based upon that conviction. Defendant's counsel then asked regarding the basis for revocation of probation in those cases. The judge stated two bases for such revocation: the absence of defendant from the court during the trial (in No. A-303667) and defendant's activity during the course of case No. A-303667. With respect to revoking probation in cases Nos. A-257531, A-427041, A-419034 and A-418054, it is not clear as to the extent the trial judge considered defendant's conviction in case No. A-303667. In view of the above-mentioned conclusion that the judgment in case No. A-303667 should be reversed, the judgments in cases Nos. A-257531 and A-427041, and in Nos. A-419034 and A-418054 (consolidated in trial court) should be reversed in order that the court may reconsider the matter of probation and sentencing in those cases.

The judgment in case No. A-303667 is reversed and remanded for retrial. The judgments in cases Nos. A-257531, A-427041, A-419034 and A-418054 (which last two cases were consolidated in the trial court) are reversed.

Lillie, J., and Thompson, J., concurred.

A petition for a rehearing was denied February 26, 1976, and respondent's petition for a hearing by the Supreme Court was denied March 24, 1976.