[No. C026311. Third Dist. Oct. 30, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES EARL GRANDERSON, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts and parts II through IV.

COUNSEL

Deborah Tuttelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Brian G. Smiley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SCOTLAND, J.**—Defendant Charles Earl Granderson was present in the courtroom when jury selection began in this criminal case, but he failed to appear the next day. Finding that defendant was absent voluntarily, the court ordered the trial to proceed in his absence. The jury convicted him of two offenses, and he was sentenced to state prison. On appeal, defendant and the People raise claims of error.

In the published portion of this opinion, we reject defendant's argument that the trial court erred in proceeding with the trial in his absence pursuant to Penal Code section 1043, subdivision (b)(2). This section provides that the voluntary absence of the accused in a noncapital felony case "after the trial has commenced in his presence shall not prevent continuing the trial to, and including, the return of the verdict . . . ." In defendant's view, a "trial" by jury does not commence within the meaning of this section until the jury has been sworn and jeopardy attaches. He is wrong.

For reasons which follow, we conclude that the Legislature intended the word "trial" in the phrase "after the trial has commenced in [the defendant's] presence" to include jury selection. This interpretation is consistent with the ordinary and commonsense meaning of "trial" which, as a matter of constitutional law, includes jury selection as a critical stage. Moreover, it effectuates the purpose of Penal Code section 1043, subdivision (b)(2), which is intended to prevent a defendant from intentionally frustrating the orderly processes of his trial by voluntarily absenting himself from the courtroom.

We acknowledge that *People* v. *Molina* (1976) 55 Cal.App.3d 173 [127 Cal.Rptr. 434] interpreted the section differently. However, as we will explain, *Molina* was decided wrongly.

In the unpublished portions of our opinion, we reject the parties' remaining contentions. Accordingly, we shall affirm the judgment.

FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISCUSSION

I

Jury selection began on January 15. Defendant, who was out on bail, was present during the first day's proceedings but did not appear on January 16. After making inquiries and waiting 45 minutes, the court found that defendant was absent voluntarily. The court noted defendant had made it clear he did not want to be at trial and was dissatisfied with his attorney and the judge. Over defense counsel's objection, the court ruled that the trial would proceed in defendant's absence pursuant to Penal Code section 1043, subdivision (b)(2). A jury was impaneled, and witnesses were sworn and testified.

The morning after the jury began deliberating, defendant appeared in court. His attorney then moved for a mistrial on the ground that defendant had not been absent voluntarily from trial. Defendant testified he was arrested on a warrant in Alameda County between 5 a.m. and 5:30 a.m. on January 16, the day he failed to appear in court. He claimed he tried to call his wife so she could contact the court, but her line was busy. Defendant did not attempt to call his attorney because, he said, he had no further access to a telephone.

Upon investigation, the court learned that defendant walked into the Albany Police Department at 8:25 a.m. on January 16 and turned himself in, stating he had an outstanding warrant. He was arrested and transported to a magistrate in Berkeley that afternoon.

The court concluded once again that defendant was absent voluntarily from trial, and denied the motion for mistrial.

After the verdicts were returned, defendant moved for a new trial on the ground the trial had not commenced at the time he failed to appear on

---

*See footnote, *ante*, page 703.

January 16 and, therefore, Penal Code section 1043, subdivision (b)(2) had no application. The motion was denied.

For reasons which follow, we reject defendant's assertion that the court erred in conducting the trial in his absence.

Defendant does not dispute the trial court's finding that he was absent voluntarily from the proceeding on January 16, after jury selection had begun the previous day. Instead, he argues that Penal Code section 1043, subdivision (b)(2) (hereafter section 1043(b)(2)) is inapplicable because the trial had not yet commenced at the time he failed to appear. In his view, a criminal trial by jury does not commence within the meaning of section 1043(b)(2) until the jury has been sworn and jeopardy attaches. We disagree.

Section 1043(b)(2) provides in pertinent part: "The absence of the defendant in a felony case *after the trial has commenced in his presence* shall not prevent continuing the trial to, and including, the return of the verdict in any of the following cases: [¶] . . . [¶] Any prosecution for an offense which is not punishable by death in which the defendant is voluntarily absent." (Stats. 1977, ch. 1152, § 2, p. 3699, italics added.)

In construing a statute, a court must ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*People* v. *Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) To determine legislative intent, we first examine the words of the statute (*ibid.*), applying "their usual, ordinary, and common sense meaning based upon the language . . . used and the evident purpose for which the statute was adopted." (*In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].) If the words of the statute are ambiguous, a court may resort to "extrinsic sources, including the ostensible objects to be achieved and the legislative history." (*People* v. *Coronado, supra,* at p. 151.) Applying these rules of statutory interpretation, a court " 'must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and [to] avoid an interpretation that would lead to absurd consequences.' [Citation.]" (*Ibid.*)

As a matter of constitutional law, common understanding, and common sense, "trial" in a criminal case includes the critical stage of jury selection (*Lewis* v. *United States* (1892) 146 U.S. 370, 373-374 [13 S.Ct. 136, 137-138, 36 L.Ed. 1011, 1013], at which the defendant's presence is constitutionally required unless he absents himself voluntarily (*U.S.* v. *Hanno* (4th Cir. 1994) 21 F.3d 42, 47; *U.S.* v. *White* (2d Cir. 1992) 980 F.2d

836, 841 [voir dire of prospective jurors is a critical stage of trial during which the defendant has a constitutional right to be present and, for purposes of federal laws, "courts have consistently regarded jury selection as the commencement of trial."]; *People* v. *Edwards* (1991) 54 Cal.3d 787, 809-810 [1 Cal.Rptr.2d 696, 819 P.2d 436].) Hence, in the ordinary sense, a criminal jury "trial" has "commenced" at least from the time that impaneling the jury begins, regardless of when jeopardy attaches. (*Lewis* v. *United States, supra,* at p. 374 [13 S.Ct. at pp. 137-138, 36 L.Ed. at p. 1013]; *U.S.* v. *White, supra,* at pp. 841-842.)

■ It is this meaning of the phrase "after the trial has commenced" in the defendant's presence that the Legislature obviously intended in section 1043(b)(2). This is so because the readily apparent purpose of that section is to prevent a defendant from intentionally frustrating the orderly processes of his trial by voluntarily absenting himself from the courtroom. (*People* v. *Lewis* (1983) 144 Cal.App.3d 267, 276 [192 Cal.Rptr. 257]; *People* v. *Connolly* (1973) 36 Cal.App.3d 379, 383 [111 Cal.Rptr. 409].) To construe the phrase in any other way would defeat this purpose and would lead to absurd consequences.

By the time the oath is administered to the jurors selected in a criminal case, significant resources (both fiscal and human) have been tapped. A courtroom and its personnel have been set aside for the trial, precluding their use for the trial of any other case. Prospective jurors have been summoned, at great cost and inconvenience to many of them. The prosecutor and defense counsel have arranged their schedules accordingly and may have had to continue other cases they are handling. Subpoenaed witnesses have taken the steps necessary to ensure that they are available to testify. The court and counsel may have invested time, energy, and resources to prepare for and address motions *in limine*. During voir dire, prospective jurors have been subjected to personal, probing questions. And if another matter had to be reset because the criminal trial has made the courtroom and its personnel unavailable to try the other case, the administration of justice has been affected, and other parties have been inconvenienced, often at great personal expense.

All of this would be for naught if defendant's construction of section 1043(b)(2) were the law and if an accused initially attends the proceedings but then decides to bolt before the jury is sworn in to hear the case. Such a result would be absurd and defeat the purpose of the statute. (Cf. *United States* v. *Miller* (1st Cir. 1972) 463 F.2d 600, 603.) " 'It does not seem to us to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to

withdraw himself from the courts of this country and to break up a trial already commenced. The practical result of such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should· be pleased to permit it. . . . This would be a travesty of justice which could not be tolerated . . . [and] we do not think that any rule of law or constitutional principle leads us to any conclusion that would be so disastrous as well to the administration of justice . . . .' " (*Diaz* v. *United States* (1912) 223 U.S. 442, 457 [32 S.Ct. 250, 254-255, 56 L.Ed. 500, 506].)[1]

Moreover, as we have pointed out, defendant's construction of the statute is inconsistent with the ordinary and common sense meaning of the word "trial" which, as a matter of constitutional law, includes jury selection as a critical stage.

Accordingly, we conclude that, for the purpose of section 1043(b)(2), the Legislature intended the word "trial" in the phrase "after the trial has commenced in [the defendant's] presence" to include the critical stage of jury selection. Hence, section 1043(b)(2) authorized the court in this case to proceed with the criminal trial after defendant voluntarily absented himself during jury voir dire.

Our conclusion is consistent with the federal courts' interpretation of the analogous rule 43 of the Federal Rules of Criminal Procedure (28 U.S.C.) (rule 43).

Like section 1043(b)(2), rule 43 is intended to prevent a defendant from defeating the proceedings by voluntarily absenting himself after trial has been commenced in his presence. (*Gaither* v. *United States* (D.C. Cir. 1969) 413 F.2d 1061, 1080 [134 App.D.C. 154]; *Cureton* v. *United States* (D.C. Cir. 1968) 396 F.2d 671, 673 [130 App.D.C. 22].) Rule 43 states in pertinent part: "(a) Presence required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. [¶] (b) Continued presence not required. The further progress of the trial to and including the return of the verdict, and the imposition of sentence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial, or having pleaded guilty or

---

[1]"As a general matter, the costs of suspending a proceeding already under way will be greater than the cost of postponing a trial not yet begun. If a clear line is to be drawn marking the point at which the costs of delay are likely to outweigh the interests of the defendant and society in having the defendant present, the commencement of trial is at least a plausible place at which to draw that line." (*Crosby* v. *United States* (1993) 506 U.S. 255, 261 [113 S.Ct. 748, 752, 122 L.Ed.2d 25, 32].)

nolo contendere, [¶] (1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial) . . . ."

Federal courts have held that, for the purpose of rule 43, "trial begins when jury selection begins." (*U.S.* v. *Krout* (5th Cir. 1995) 56 F.3d 643, 645; *Government of the Virgin Islands* v. *George* (3d Cir. 1982) 680 F.2d 13, 15 ["trial commences 'at least' from the time that the work of impaneling jurors begins."]; *United States* v. *Miller, supra,* 463 F.2d at p. 603 [same]; see also *U.S.* v. *Fisher* (9th Cir. 1998) 137 F.3d 1158, 1162.)

This interpretation is based not only upon the language of rule 43, which indicates that impaneling the jury is a "stage of the trial," but also upon the determination that a contrary construction would be absurd and defeat the purpose of the rule. "The concept that a defendant could go through trial proceedings to the point of selecting the entire jury and then, perhaps because he was dissatisfied with the complement thereof, freely depart, does not appeal to us. To draw the bright line at the formality of swearing the jury would frustrate the purpose of Rule 43." (*United States* v. *Miller, supra,* 463 F.2d at p. 603.)

We recognize, however, that our conclusion is contrary to the holding in *People* v. *Molina, supra,* 55 Cal.App.3d 173, a case upon which defendant relies.

Molina was present when jury selection commenced, but failed to appear the following morning when jury selection resumed. After attempting to locate him, the trial court determined that Molina was absent voluntarily; hence, the court ruled that voir dire would continue. The jury was impaneled, and trial proceeded in Molina's absence. (*People* v. *Molina, supra,* 55 Cal.App.3d at pp. 175-176.) Following his conviction, Molina contested the application of section 1043(b)(2), arguing the trial had not yet commenced at the time of his absence. (55 Cal.App.3d at p. 177.)

The appellate court in *Molina* noted that a felony case not punishable by death may proceed in the absence of the accused when his voluntary absence occurs after the trial has commenced. However, relying on Evidence Code section 12, subdivision (b)(1) and cases concerning application of the double jeopardy clause, the court held that, for the purpose of section 1043(b)(2), trial does not commence until the jury is duly impaneled and sworn or, in a court trial, until the first witness is sworn. (55 Cal.App.3d at p. 177.)

We disagree with the reasoning of *People* v. *Molina, supra,* 55 Cal.App.3d 173.

First, as we shall explain, its reliance on Evidence Code section 12, subdivision (b)(1) is misplaced as the *Molina* court took out of context that section's definition of when trial commences.

Evidence Code section 12 provides in pertinent part: "(a) [The Evidence Code] shall become operative on January 1, 1967, and shall govern proceedings in actions brought on or after that date and, except as provided in subdivision (b), further proceedings in actions pending on that date. [¶] (b) Subject to subdivision (c), a trial commenced before January 1, 1967, shall not be governed by this code. For purposes of this subdivision: [¶] (1) A trial is commenced when the first witness is sworn or the first exhibit is admitted into evidence . . . ."

Evidence Code section 12 explicitly directs that its definition of when trial commences applies only for purposes of subdivision (b). "The only function of Evidence Code section 12, subdivision (b)(1) is to demark which proceedings are governed by the Evidence Code enacted in 1967 and which may proceed under earlier rules. Indeed at this stage, . . . years after enactment of the code, section 12, subdivision (b)(1) probably has no practical effect. In essence the section meant that unless a witness had been sworn or an exhibit admitted before January 1, 1967, the proceedings had to comply with the 'new' Evidence Code. That definition made perfect sense given the policies it implemented. If no evidence had yet been taken, there was no reason to exempt a trial from the new evidence rules, even if voir dire had started or been completed. But if some evidence had been introduced under the old law it was deemed unwise to shift rules in midstream and the trial was allowed to continue under the prior evidence provisions." (*People* v. *Lewis, supra,* 144 Cal.App.3d 267, 278 [192 Cal.Rptr. 257].)

Therefore, the purpose of the definition in Evidence Code section 12 as to when trial commences within the meaning of that statute has no relevance to the vastly different purpose of section 1043, which is intended to prevent a defendant from intentionally frustrating the orderly processes of his trial by voluntarily absenting himself from the courtroom. (*People* v. *Lewis, supra,* 144 Cal.App.3d at p. 278.)

The *Molina* court's reliance on when jeopardy attaches also is misplaced. Although jeopardy does not attach in a jury trial until the jury is sworn, it does not follow that the same test must be applied in determining when a trial commences for the purpose of section 1043(b)(2). "In the context of double jeopardy, a different rationale is at play. This leads to a slightly different definition of when a trial 'commences.' In jury cases, an accused cannot be said to have been truly in 'jeopardy' until the judge swears a jury

empowered to convict that defendant. Hence, the swearing in of the jury becomes the critical point for purposes of a 'once in jeopardy' defense. [Citations.] [¶] Still different considerations, however, shape the definition of when a trial commences under Penal Code section 1043[(b)(2)]." (*People v. Lewis, supra,* 144 Cal.App.3d at p. 278; cf. *U.S. v. White, supra,* 980 F.2d at pp. 841-842.)

In interpreting the analogous rule 43, federal courts have concluded that trial commences when jury selection begins, not when the jury is sworn and jeopardy attaches. (*U.S. v. Krout, supra,* 56 F.3d at pp. 645-646; *Government of the Virgin Islands v. George, supra,* 680 F.2d at p. 15; *United States v. Miller, supra,* 463 F.2d at p. 603; see also *U.S. v. Fisher, supra,* 137 F.3d at p. 1162.) "Rule 43 refers not to the commencement of jeopardy but to the commencement of trial. The rule could have said jeopardy had that been the intent." (*United States v. Miller, supra,* at p. 603.)

The same is true of section 1043(b)(2). If the Legislature had intended the section to apply only when jeopardy has attached, it could have said so. Instead, the Legislature used the word "trial," the common meaning of which includes the critical stage of jury selection. As we have pointed out, it is that meaning which promotes, rather than frustrates, the purpose of the statute. (Cf. *United States v. Miller, supra,* 463 F.2d at p. 603.)

Accordingly, we conclude that *People v. Molina, supra,* 55 Cal.App.3d 173 was decided wrongly, and we decline to follow it.

In sum, the trial court did not err in proceeding with the trial pursuant to section 1043(b)(2) after defendant, who was present when voir dire began, voluntarily chose not to return to the courtroom for the second day of jury selection. (Cf. *Taylor v. United States* (1973) 414 U.S. 17, 19 [94 S.Ct. 194, 195-196, 38 L.Ed.2d 174, 177], quoting *Diaz v. United States, supra,* 223 U.S. at p. 455 [32 S.Ct. at p. 254, 56 L.Ed. at p. 505] [" '[W]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.' "].)

II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 703.

## DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Davis, J., concurred.

A petition for a rehearing was denied November 24, 1998, and appellant's petition for review by the Supreme Court was denied February 17, 1999. Kennard, J., was of the opinion that the petition should be granted.