[No. F033955. Fifth Dist. Sept. 7, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
JASON ROBERT RUIZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II. and III.

**COUNSEL**

Joseph Shipp, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Lloyd Carter and Kathleen A. McGurty, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, Acting P. J.**—Defendant Jason Robert Ruiz was convicted of two counts of robbery and one count of attempted robbery and was sentenced to an 80-year-to-life term in prison. He appeals, claiming (1) his absence from the trial requires reversal; (2) an aggregate term approach should have been used to calculate his minimum sentence under the three strikes law[1] or, alternatively, if an aggregate term approach is not used in the three strikes context, then the statute is unconstitutionally vague; and (3) the 80-year-to-life prison term constitutes cruel and/or unusual punishment. In the published portion of this opinion, we discuss the timing and circumstances under which a court may allow a criminal defendant to waive his personal presence during trial. We affirm.

### FACTS

On the evening of January 7, 1999, claiming to have a gun, defendant robbed a cashier at the Food 4 Less in Merced. He took over $200 in cash and some food stamps. The morning of January 9, 1999, defendant presented a note to a manager at MacFrugal's in Merced stating he had a gun; he stole about $90. The afternoon of that same day, defendant, again claiming to have a gun, demanded money from a clerk at a Rite Aid store in Merced, but left the store after the clerk locked her register and walked away when her request to see the gun was ignored by defendant.

A six-count amended information filed on July 27, 1999, charged defendant with two counts of robbery (Pen. Code, § 211),[2] one count of attempted robbery (§§ 664, 211), and three counts of being a felon in possession of a firearm (§ 12021, subd. (a)(1)). The information further alleged defendant had suffered three prior serious or violent felony convictions and/or juvenile adjudications within the meaning of section 1170.12, subdivision (c)(2)(A) and had served a prior prison term (§ 667.5, subd. (b)).

Defendant, in custody, was transported to court on July 27, 1999. After an off-the-record session in chambers, the trial judge, attorneys and defendant addressed trial management issues in open court. The trial judge, defendant and the attorneys then discussed defendant's desire not to be present for the trial. Defendant confirmed he wished to voluntarily absent himself from the courtroom, giving up the opportunity to look jurors and witnesses in the eye

---

[1]The current offenses were committed in 1999. Therefore, this case arises under the initiative version of the three strikes law (Pen. Code, § 1170.12) rather than the original legislative version (Pen. Code, § 667, subds. (b)-(i)). (*People v. Hendrix* (1997) 16 Cal.4th 508, 511, fn. 2 [66 Cal.Rptr.2d 431, 941 P.2d 64].)

[2]All statutory references are to the Penal Code unless otherwise indicated.

and to assist his attorney in cross-examining witnesses. The trial judge twice offered his view that being absent might be a mistake on defendant's part and suggested defendant could change his mind and return at any time.

At the start of the second day of the proceedings, the court asked defendant's attorney if defendant had indicated in any way a desire to be present in the courtroom. Defense counsel responded defendant was adamant in his wish not to be present and had agreed to the use of a photograph at trial for identification purposes. The bailiff confirmed to the court defendant insisted upon absenting himself from the courtroom, saying there would be a physical altercation if he were transported from jail. Defendant also told the bailiff his photograph could be used for identification purposes. On the morning of July 30, 1999, the third and final day of the proceedings, the court asked defense counsel if defendant "once again does not wish to be present." Defense counsel stated defendant "confirmed with me this morning that he does not want to be here."

Early during the afternoon of July 30, 1999, the jury returned verdicts of guilty on the robbery and attempted robbery counts. On the same date, a jury trial was held on the enhancement portion of the information. The jury found the prior conviction allegations and the prior prison term allegations true.

On August 31, 1999, the court declined to strike any prior convictions and denied defendant's motion filed under section 1385. Defendant was sentenced to three consecutive 25-year-to-life terms and one 5-year enhancement, for a total sentence of 80 years to life.

DISCUSSION

I.

*Absence from Trial*

■ A criminal defendant has the right to be present at trial under the federal Constitution (U.S. Const., 6th & 14th Amends.), the state Constitution (Cal. Const., art. I, § 15) and state statutes (§§ 977, subd. (b), 1043). Defendant claims only a violation of his statutory right to be present at trial.[3] Specifically, he asserts his trial "commenced" in his absence in violation of section 1043 and he did not execute a written waiver as required by section 977.

---

[3]Under both federal and state constitutional law, a defendant may validly waive presence at critical stages of the trial. (See *People v. Price* (1991) 1 Cal.4th 324, 405 [3 Cal.Rptr.2d 106, 821 P.2d 610].)

Section 1043, subdivision (a), states the general rule that "the defendant in a felony case shall be personally present at the trial." An exception to this general rule is stated in subdivision (b)(2) of section 1043 which provides, "absence of the defendant . . . after the trial has commenced in his presence shall not prevent continuing the trial" if defendant is voluntarily absent in "[a]ny prosecution for an offense which is not punishable by death." Section 1043 further states its provisions do not limit a defendant's ability to waive his right to be present in accordance with section 977. (§ 1043, subd. (d).)

■ Defendant contends the exception contained in subdivision (b)(2) of section 1043 does not apply in his case because only absences beginning "after the trial has commenced" are allowed and his absence began *before* jury selection, which is before "trial." Defendant relies on *People v. Molina* (1976) 55 Cal.App.3d 173 [127 Cal.Rptr. 434] to support the statutory construction that trial "commences" for purposes of section 1043 when jury selection begins, or later. In *Molina*, the defendant's absence began after 11 jurors were selected but before the 12th juror was selected. The Second District, Division One, held the absence "occurred before the trial commenced, within the meaning of section 1043. . . ." (55 Cal.App.3d at p. 177.) The court identified the critical point of commencement as either (1) when the jury was impaneled and sworn or (2) when the first witness was sworn or the first exhibit was admitted into evidence. (*Ibid.*) These two points during the proceedings were chosen based on an analogy to when jeopardy attaches and the definition of when a trial commences contained in section 12, subdivision (b)(1) of the Evidence Code, respectively. (55 Cal.App.3d at p. 177.) Because Molina's absence began before either of these points, the Second District concluded it was outside the scope of the exception in section 1043, subdivision (b)(2) permitting voluntary absences from trial. As a result, the court reversed the judgment of conviction and remanded the case for retrial.

*Molina,* though cited, has not been followed in two published decisions. These opinions declined applying the *Molina* view of when a trial "commences" for purposes of section 1043.

First, in *People v. Lewis* (1983) 144 Cal.App.3d 267 [192 Cal.Rptr. 257], the defendant expressed, before the voir dire of the sworn prospective jurors had begun, his intention to not participate in the proceedings. He told the court he would not participate in the trial unless some Black people were on his jury, he would be disruptive of the proceedings, and he preferred to be outside the courtroom during the proceedings. The trial court ordered the defendant held in an adjacent lockup where he could listen to the proceedings by means of a loudspeaker system. The Second District, Division

Seven, rejected the defendant's argument that section 1043 was violated because he was not present when his trial commenced. The court held that under section 1043 a defendant is present when a trial "commences" if "the defendant is physically present in the courtroom where the trial is to be held, understands that the proceedings against him are underway, confronts the judge and voluntarily says he does not desire to participate any further in those proceedings." (144 Cal.App.3d at p. 279.)

The *Lewis* court adopted this test for when trial commences based on the statute's policy goals: (1) to ensure the defendant, personally present before the judge, knowingly and voluntarily waived his right to be present for his trial; and (2) to avoid claims by a defendant that he did not appear at trial because of a mistake or reasons beyond his control, including he could not find the courtroom or appeared the wrong day. (*People v. Lewis, supra,* 144 Cal.App.3d at p. 278.) Also, the *Lewis* test for trial commencement furthers the statutory purpose of "prevent[ing] a defendant from intentionally frustrating the orderly process of his trial by voluntarily absenting himself from the courtroom. [Citation.]" (*Id.* at p. 276.) Furthermore, the court observed these policy goals were different from the policy goals underlying the attachment of jeopardy or determining the commencement of trial for purposes of subdivision (b)(1) of Evidence Code section 12 (the latter demarking the point of the proceedings where the then "new" Evidence Code provisions applied)—the two analogies used by the court in *Molina* to support its interpretation of section 1043. (*People v. Lewis, supra,* 144 Cal.App.3d at pp. 277-279.) After soundly condemning the rationale of *Molina,* the *Lewis* appellate panel (Second District, Division Seven), noted the facts of *Molina*—a noncustodial defendant who left the courtroom during voir dire and did not return—posed an issue it need not reach. (*Id.* at p. 279, fn. 8.)[4]

Second, in *People v. Granderson* (1998) 67 Cal.App.4th 703 [79 Cal.Rptr.2d 268], a noncustodial defendant who was present when jury selection began did not return for the second day of the jury voir dire proceedings. Instead of appearing in court that morning, the defendant

---

[4]Defendant's effort to distinguish *Lewis* is unavailing. He argues, "Clearly, *Lewis* is distinguishable from the present case, where there was no blackmail by appellant, who at no time stated that he was disruptive nor at any time was anything other than polite and respectful to the court. Moreover, appellant was not, like the *Lewis* defendant, participating in the trial by listening on the other side of a door." The exception of subdivision (b)(2) of section 1043 to the general rule requiring a defendant's presence at trial pertains to voluntary absences; there is no hint whatsoever that there must be a threat of disruptiveness necessitating the absence. Next, to suggest that Lewis's ability to merely hear the trial proceedings meant he was "participating" in the trial runs counter to the *Lewis* court's characterization that the right of Lewis and others similarly situated "to be present and confront the witnesses . . . should not be surrendered lightly." (*People v. Lewis, supra,* 144 Cal.App.3d at p. 281.)

turned himself in at a police station on an outstanding warrant. He immediately was arrested and detained. The trial proceeded and the defendant did not appear again until the morning the jury began its deliberations. The defendant moved for a new trial, but the trial court determined the defendant's absence was voluntary and denied his motion.

The Third District affirmed the judgment of conviction and stated: "for the purpose of section 1043(b)(2), the Legislature intended the word 'trial' in the phrase 'after the trial has commenced in [the defendant's] presence' to include the critical stage of jury selection. Hence, section 1043(b)(2) authorized the court in this case to proceed with the criminal trial after defendant voluntarily absented himself during voir dire." (*People v. Granderson, supra,* 67 Cal.App.4th at p. 709.)

The Third District acknowledged its interpretation of section 1043 was contrary to the holding in *People v. Molina, supra,* 55 Cal.App.3d 173, stated *Molina* was wrongly decided, and declined to follow it. (*People v. Granderson, supra,* 67 Cal.App.4th at p. 712.) The court's primary reason for holding the word "trial" included jury selection was to prevent a noncustodial defendant from intentionally frustrating the orderly processes of his trial by voluntarily absenting himself from the courtroom. (*Id.* at p. 708.) Also, concluding "trial" included jury selection was consistent with the federal courts' interpretation of the analogous federal rule. (*Id.* at p. 709.)

We conclude the test adopted in *People v. Lewis, supra,* 144 Cal.App.3d 267 for when the "trial has commenced" produces the most reasonable interpretation of section 1043, particularly when the defendant is in custody.[5] Accordingly, we reject the interpretation of section 1043 adopted in *People v. Molina, supra,* 55 Cal.App.3d 173. In situations where an in-custody defendant is adamant about absenting himself from the proceedings and all elements of the *Lewis* test are satisfied, section 1043 has not been violated. Nothing in the language of or policy behind section 1043 suggests that the defendant must wait to waive his personal presence until a time later than the moment after he appears before the court for trial. No legitimate objective is served by requiring the waiver of one's presence to occur only after the potential jurors have been sworn for voir dire, the jury is impaneled or the first witness is sworn. Indeed, delaying the allowance of a defendant's absence could lead to unnecessary hostility if the defendant tries to gain the desired absence by becoming "disorderly, disruptive and disrespectful of the

---

[5]In *People v. Granderson, supra,* 67 Cal.App.4th 703 the defendant was not in custody and his absence began in the middle of jury selection. As a result, the court did not analyze the issue of whether a defendant in custody, like defendant in this case, can voluntarily absent himself before potential jurors are brought into the courtroom.

court" (§ 1043, subd. (b)(1)) or by threatening to become so. Additionally, if the defendant's absence occurs after the jurors have participated, the court's task in explaining the defendant's absence becomes more difficult.

In the present case, defendant was physically present in the courtroom where the trial was to be held, understood the proceedings against him were underway, confronted the judge and voluntarily said he did not desire to be present for the proceedings. Defendant had asked his defense counsel to confirm that counsel would be present for the whole trial, would go through the jury selection process, cross-examine witnesses, and make arguments on defendant's behalf. This state of the record satisfies the *Lewis* test and, therefore, defendant's "trial [w]as commenced in his presence" within the meaning of subdivision (b)(2) of section 1043 and the trial court was authorized to proceed with the trial in defendant's absence.

A further component of defendant's argument states the trial court violated mandatory provisions of section 977 by permitting him to waive his presence at the entire evidentiary portion of the trial and by failing to secure a written waiver of his right to be present at other phases of the proceedings.[6] However, defendant does not argue the claimed violation of section 977, standing alone, is grounds for reversal. His theory for reversal and a new trial, i.e., the same relief granted in *People v. Molina, supra,* 55 Cal.App.3d 173 is based on the claimed violation of section 1043. Defendant argues his oral waiver did not comply with section 977 because a valid waiver under section 977 also would have waived his rights under section 1043. (§ 1043, subd. (d).)

 When a claim for reversal is based only on a violation of section 977, a defendant must show prejudice. (See *People v. Garrison* (1989) 47 Cal.3d 746, 782-783 [254 Cal.Rptr. 257, 765 P.2d 419].) In this case, defendant has not claimed prejudice arising from a violation of section 977 and has stated "trial-prejudice is not the issue here." Assuming the court failed to comply with section 977, we find no prejudice and thus no basis to reverse the trial court.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[6]Section 977, subdivision (b)(1) states in pertinent part that "[i]n all cases in which a felony is charged, the accused shall be present" at various times during the process, including "during those portions of the trial when evidence is taken before the trier of fact." That subdivision further provides that "[t]he accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present."

*See footnote, *ante,* page 162.

## Disposition

The judgment is affirmed.

Buckley, J., and Wiseman, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 12, 2001. Kennard, J., was of the opinion that the petition should be granted.