Filed 4/21/21  P. v. Ricalls CA2/3

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B303227 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. VA143699 |
| v. | |
| JAMES LEONARD RICALLS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge. Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr. and Stacy C. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant James Leonard Ricalls was sentenced to a prison term of 85 years to life following his conviction for kidnapping, domestic partner abuse, false imprisonment by violence, and criminal threats. Defendant refused to appear in the courtroom during the trial. He now contends, however, that he is entitled to a new trial because the trial court failed to obtain a written waiver of presence from him under Penal Code section 977.[1] Defendant also argues the court abused its discretion by failing to strike one or more of his prior felony convictions for purposes of sentencing under the Three Strikes Law. Finding no error, we affirm.

## PROCEDURAL BACKGROUND[2]

By information filed on September 27, 2017, defendant was charged with five felony counts: vandalism (§ 594, subd. (a); count 1); kidnapping (§ 207, subd. (a); count 2); domestic abuse (§ 273.5, subd. (a); count 3); false imprisonment by violence (§ 236; count 4); and criminal threats (§ 422, subd. (a); count 5). As to count 3, the information included an enhancement alleging infliction of great bodily injury under § 12022.7. In addition, the information alleged defendant had previously committed three strike offenses in 1989, 2005, and 2011 (§§ 1170.12, subd. (b), 677, subd. (d)), all of which were serious-felony priors (§ 667, subd. (a)) and prison priors (§ 667.5, subd. (b)), and further alleged that defendant had been convicted of two additional

---

[1] Undesignated statutory section references are to the Penal Code.

[2] Because the facts underlying the convictions are irrelevant to the legal issues presented, we do not address them.

prison priors in 1995 and 2001 (§ 667.5, subd. (b)). Defendant pled not guilty and denied the allegations.

After a jury trial at which he did not testify, defendant was found guilty of counts 2–5.[3] The jury found the great bodily harm allegation true. And after a bifurcated trial, the jury found all the prior-conviction allegations true.

The court denied defendant's motion to strike his prior convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), and sentenced him to an aggregate indeterminate term of 85 years to life: On count 2 (base count), the court imposed a sentence of 25 years to life—the third strike term—with two consecutive five-year enhancements for priors under section 667, subd. (a)(1), for a total of 35 years to life; on count 3, the sentence was also a third strike term of 25 years to life, to be served consecutively; on count 4, the court imposed the upper term of three years, to be served in state prison; and on count 5, the court imposed a third strike term of 25 years to life, to be served consecutively. The court stayed the sentence on count 4 under section 654.

Defendant filed a timely notice of appeal.

## DISCUSSION

1.  **Defendant waived his statutory right to be present during the trial.**

Defendant asserts that he is entitled to a new trial notwithstanding his refusal to attend the trial giving rise to the present appeal. He apparently contends that the court committed reversible error by failing to obtain a written waiver of presence

---

[3] The court dismissed count 1 in the interest of justice. (§ 1385.)

from him in conformity with section 977, subdivision (b)(2). We conclude no written waiver was required.

### 1.1. Standard of Review

"An appellate court applies the independent or de novo standard of review to a trial court's exclusion of a criminal defendant from trial, either in whole or in part, insofar as the trial court's decision entails a measurement of the facts against the law." (*People v. Waidla* (2000) 22 Cal.4th 690, 741; *People v. Gutierrez* (2003) 29 Cal.4th 1196, 1202 (*Gutierrez*) [considering whether a defendant who refuses to leave the court lockup to attend his trial is " 'voluntarily absent' " under section 1043, subdivision (b)(2)].)

### 1.2. Additional Facts

### 1.2.1. Pretrial Proceedings

Defendant spent more than two years in custody between his arraignment in September 2017 and the trial in November 2019. Initially, defendant was represented by a public defender. The court first called the case for a jury trial on January 9, 2018 and defendant was present in court with counsel. The court continued the trial to February 6, 2018 at defendant's request.

On February 6, 2018, defendant was present in lockup but his counsel expressed doubt about his competence to stand trial (§ 1368). After a court-appointed physician found defendant competent to stand trial, the court scheduled the trial to begin on April 17, 2018.

On April 17, 2018, however, defendant appeared in court and requested to represent himself at trial and to conduct additional discovery. The court granted the request. In July 2018, defendant filed a motion to disqualify the judge under Code of

4

Civil Procedure section 170.6, asserting the trial judge was biased against him. The matter was transferred to a different judge and proceedings continued. Between April 2018 and January 2019, defendant represented himself.

On January 17, 2019, the court revoked defendant's pro per status and appointed counsel to represent him following a profanity-laced outburst in the courtroom. The court reset the pretrial status conference for January 23, 2019 and confirmed the jury trial would begin on January 24, 2019.

On January 23, 2019, defendant was present in lockup but, again, his appointed counsel expressed doubt regarding defendant's competence to stand trial (§ 1368). The court ordered the appointment of a physician or expert and adjourned the criminal proceedings. Defendant subsequently refused to speak with the appointed physician. Eventually, in July 2019, the court authorized the release of defendant's medical records to the appointed physician.

Also during this period (January to September 2019), defendant requested to be relieved of counsel and to represent himself on two occasions. The court heard and denied the first request and declined to consider the second request on procedural grounds.

The court-appointed physician submitted his evaluation to the court in September 2019, concluding defendant was competent to stand trial. On September 24, 2019, the court reviewed the medical report and found defendant competent to stand trial. The court set a pretrial conference for October 24, 2019 and the jury trial for November 13, 2019. The court then heard and denied another motion by defendant to relieve his appointed counsel.

At defendant's request, the October 24, 2019 pretrial conference was trailed to November 8, 2019. On November 8, 2019, defendant again requested to relieve appointed counsel and to represent himself, which requests the court denied.

### 1.2.2. The Trial

On November 13, 2019, the cause was called for jury trial. The bailiff informed the court that defendant did not wish to change into civilian clothes or start the trial. Defendant was brought into the courtroom at his own request and renewed his request to relieve appointed counsel. The court heard and denied the motion, then advised defendant the trial would proceed. Defendant said, "I'm not going to be here," and the court again advised defendant that he had a right to be present for the proceedings. Specifically, the court advised, "What we're going to do is, when the jury comes, my bailiff … is going to go back and ask you if you want to dress and come out for trial. If you say 'no,' he's going to come out and tell me, and I'm going [to] come back and talk to you on the record, just to make sure. And if you don't want to come out, we're to go to trial without you. Do you understand?" Defendant responded, "Well, it's fine with me. You force me to go into trial with somebody I don't want. It's on the record, so I'm not even worried about it." Defendant then "spontaneously got up [and] walked out of the courtroom."

A short time later, the court was ready to begin jury selection. The court and counsel went to the lockup to speak with defendant, who began yelling, "Man, see here you go with these games, man. Won't you please leave, demon. You playing games. I don't have time to play games. This is my life on the line, and you guys want to play. … Now you're using outbursts as an excuse to say 'I'm not giving you pro per status,' [inaudible] needs

6

to stop, your honor. Grow up and be a man and say 'I'm going to give this man his status.' You cannot force me to go to trial with this attorney. It is the law." The court responded, "Okay. I just want you to understand that we are going to start the trial. As of right now you are refusing to come out because [appointed counsel] is your attorney." Defendant responded, "I do not wish to go to trial with him." The court and counsel left the lockup. Defendant continued to yell for several minutes afterward. The court found defendant was voluntarily absenting himself from the proceedings.

The court resumed jury selection and advised the prospective jurors that defendant had decided not to attend the trial, as was his right, and that he might make a different decision later in the proceedings. The court instructed the potential jurors that they could not use defendant's absence in any way against him or consider that fact during deliberations. Voir dire commenced. After the noon recess, defendant again told the bailiff, who in turn advised the court, that he would not come into the courtroom for the trial. Voir dire concluded and 12 jurors and two alternates were sworn.

On November 15, 2019, the jury trial resumed. Defendant appeared in the courtroom before the jury entered and presented the court with a request to disqualify under Code of Civil Procedure section 170.6. The court denied the request as untimely. The court again inquired whether defendant wished to be present for the trial and he declined. Counsel presented opening statements. Then the prosecution presented the People's case against defendant. After the prosecution rested, the court, counsel, and the court reporter entered lockup to speak with defendant. The court advised defendant again that he had the

right to be present in court and, additionally, that he had the right to testify in his own defense. Defendant pretended to be asleep and was nonresponsive. Trial proceedings resumed and the defense rested.

On the next trial date, November 18, 2019, defendant did not get on the bus that would have transported him from the jail to the courthouse. Defendant apparently told personnel at the jail that he did not have to be in court that day. Due to defendant's absence, the court adjourned the morning session. Defendant arrived at the courthouse for the afternoon session but advised the bailiff that he did not want to participate in the proceedings. Trial resumed and counsel presented closing arguments. The jury deliberated and reached a verdict.

The following day, on November 19, 2019, defendant was present in lockup but refused to come to the courtroom for the reading of the verdict.

### 1.3. Defendant was voluntarily absent from the proceedings.

A criminal defendant has the right to be personally present at trial under the federal and state Constitutions, as well as under sections 977 and 1043. (E.g., *Gutierrez*, *supra*, 29 Cal.4th at pp. 1201–1202.) However, under certain circumstances this right to be present can be waived either expressly or impliedly. (*Id*. at p. 1206.) Defendant's argument relates only to the waiver of statutory rights.

For felony cases, section 1043, subdivision (b) provides: "The absence of the defendant in a felony case after the trial has commenced in his presence shall not prevent continuing the trial to, and including, the return of the verdict in any of the following cases: [¶] … [¶] (2) Any prosecution for an offense which is not

punishable by death in which the defendant is voluntarily absent." (See also *Gutierrez, supra,* 29 Cal.4th at pp. 1202–1203.) For purposes of section 1043, a jury trial begins with jury selection. (*People v. Granderson* (1998) 67 Cal.App.4th 703, 709; *People v. Ruiz* (2001) 92 Cal.App.4th 162, 168–169 (*Ruiz*).)

Several cases have held that custodial defendants may be deemed "voluntarily absent" under section 1043. (E.g., *Ruiz, supra,* 92 Cal.App.4th at pp. 168–169; *People v. Howard* (1996) 47 Cal.App.4th 1526, 1538–1539, disapproved on other grounds in *People v. Fuhrman* (1997) 16 Cal.4th 930, 947, fn. 11.) " 'Unquestionably section 1043, subdivision (b)(2), was designed to prevent the defendant from intentionally frustrating the orderly processes of his trial by voluntarily absenting himself.' ([*People v.*] *Connolly* [(1973) 36 Cal.App.3d 379,] 384.) In determining whether a defendant is absent voluntarily, a court must look at the 'totality of the facts.' (*Id.* at p. 385.)" (*Gutierrez, supra,* 29 Cal.4th at pp. 1204–1205.)

*Ruiz* is instructive on this point. There, as here, the defendant was in custody but refused to appear before the jury and attend his trial. Prior to the trial, and in connection with the trial management conference, the defendant confirmed his desire to be absent in front of the judge, who twice advised him that being absent from the trial might be a mistake. The defendant refused to attend, and the trial proceeded in his absence. On the second day of the trial, defense counsel confirmed that the defendant had no desire to attend the proceedings—and had even threatened violence if the court ordered him to be transported from the jail to the courthouse. The defendant also told the bailiff that his photograph could be used for identification purposes. On the third day of the trial, counsel again confirmed, after having

conferred with the defendant that morning, that the defendant did not want to attend the trial. The jury reached a verdict, and the defendant was sentenced. (*Ruiz, supra*, 92 Cal.App.4th at pp. 164–165.)

On appeal, the defendant claimed the court violated his statutory right to be present at trial. Specifically, he asserted that his trial "commenced" in his absence in violation of section 1043 and he did not execute a written waiver as required by section 997. (*Ruiz, supra*, 92 Cal.App.4th at p. 165.) The court disagreed, explaining "that under section 1043 a defendant is present when a trial 'commences' if 'the defendant is physically present in the courtroom where the trial is to be held, understands that the proceedings against him are underway, confronts the judge and voluntarily says he does not desire to participate any further in those proceedings.' " (*Id.* at p. 167.)

Here, as is evident from the factual summary *ante*, defendant was present in the courtroom on the day his case was called for trial. He stated in court, on the record, that he understood the trial would proceed and that he planned to be absent from all the trial proceedings. On the subsequent trial days, defendant confirmed his refusal to attend the proceedings on multiple occasions directly with the court, with the bailiff, and with his own counsel.

Because trial commenced in defendant's presence, the court was permitted to proceed with the trial in defendant's absence. We find no error in the court's decision to do so.

### 1.4. The court was not required to obtain a written waiver under section 977.

Defendant claims the court failed to obtain a written waiver of presence as required under section 977. No written waiver was required.

The Supreme Court has explained the relationship between section 977, which permits a defendant to be voluntarily absent from certain proceedings upon execution of a written waiver in open court, and section 1043, which permits a trial to proceed in a defendant's absence if the defendant is voluntarily absent. " ' "[S]ection 977, subdivision (b)(1), the subdivision that authorizes waiver for felony defendants, expressly provides for situations in which the defendant cannot waive his right to be present, including during the taking of evidence before the trier of fact." ' (*People v. Majors* (1998) 18 Cal.4th 385, 415; *People v. Ochoa* (2001) 26 Cal.4th 398, 435.) In other words, 'section 977 requires a defendant to be present at the five fundamental proceedings and entitles him to be present at all others.' (*Ochoa*, *supra*, at p. 435.) … [¶] Unlike section 977, subdivision (b)(1), section 1043, subdivision (b)(1), does not specify 'certain fundamental proceedings' in which a noncapital defendant may not be absent. (*People v. Ochoa*, *supra*, 26 Cal.4th at p. 435; *People v. Majors*, *supra*, 18 Cal.4th at p. 415.) We conclude that section 977, subdivision (b)(1)'s presence requirement does not preclude a defendant from being 'voluntarily absent' during the taking of evidence under section 1043, subdivision (b)(2). Section 977, subdivision (b)(1), provides that under certain circumstances, a defendant may execute a written waiver of the right to presence. Under that provision, a trial may commence even in the defendant's absence if the defendant executes a

11

written waiver. (§ 977, subd. (b).) For example, a defendant may be absent when the jury is selected, but he cannot be absent from the entire trial without ever appearing. But when a trial has commenced in a defendant's presence, section 1043 applies. As relevant here, section 1043, subdivision (b)(2), provides that a defendant's voluntary absence does not prevent the trial from continuing. We perceive that these statutes address different concerns and do not conflict; rather, executing a written waiver and being voluntarily absent are treated as different events under these two statutes." (*Gutierrez, supra*, 29 Cal.4th at pp. 1203–1204.)

The Court went on to explicitly reject defendant's contention here. "In short, under section 1043, subdivision (b)(2), a trial court may continue a trial in a custodial defendant's absence after the trial has commenced in the defendant's presence—without first obtaining the defendant's written or oral waiver of the right to presence—if other evidence indicates the defendant has chosen to be absent voluntarily." (*Gutierrez, supra*, 29 Cal.4th at p. 1206.)

## 2. The court did not abuse its discretion by denying defendant's *Romero* motion.

Defendant also contends the court abused its discretion by declining to strike one or more of his strike priors for one or more counts. We disagree.

### 2.1. Standard of Review

When a prior felony conviction is proven under the Three Strikes law, a trial court has discretion to strike it for sentencing purposes under section 1385. (*Romero, supra*, 13 Cal.4th at pp. 529–530.) The court may also choose to strike a prior

12

conviction as to one count but not as to another count. (*People v. Garcia* (1999) 20 Cal.4th 490, 503–504.)

The court's discretion is limited, however. (*Romero, supra*, 13 Cal.4th p. 530.) "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review the trial court's decision not to strike a prior serious or violent felony for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) A court abuses its *Romero/Garcia* discretion only "in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*Id.* at p. 378.) It is " 'not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations. [Citation]." (*Ibid.*) Instead, if " 'the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid.*)

13

### 2.2.  Proceedings Below

After trial, defendant filed a sentencing memorandum asking the court to exercise its discretion to dismiss his prior felony offenses for sentencing purposes. The request emphasized that defendant grew up in difficult circumstances and has a complicated and unresolved mental health history. The prosecution's sentencing memorandum sought a prison sentence of 85 years to life.

At the sentencing hearing, the court indicated it had reviewed defendant's sentencing memorandum, the attached report concerning defendant's mental health status, and the prosecution's sentencing memorandum. Defense counsel emphasized defendant's mental health status at the hearing. The court considered the report, as well as counsel's argument, but noted the conflicting diagnoses and observations contained in the report as well as defendant's resistance to psychological testing prior to trial. Ultimately, the court denied the *Romero* motion and sentenced defendant accordingly.

### 2.3.  The court did not abuse its discretion.

Defendant contends his sentence is "overkill." Specifically, he asserts that "[t]he sentence more reflected a court that was angry and frustrated with appellant than justice. … A more reasoned court would provide mental health care and a long sentence but not 85 years to life. Notably, appellant had no other issues at least for the last 10 years other than those with respect to two incidents with his girlfriend."

As an initial matter, defendant grossly mischaracterizes the court's approach which was fair, reasoned, and entirely professional in the face of defendant's challenging behavior. By

14

way of example, the following exchange occurred at the sentencing hearing:

"Court (C): Okay. The court notes this trial in the court's 53 years in – 53, 54 years in the law, almost all in the criminal area, this was as bad a case as I've ever seen. This was a completely unprovoked attack on a very fine young woman who was minding her own business.

"Defendant (D): Nobody touched her. Don't – don't – don't do that to me, bro. You wasn't there.

"C:     Sir, if you're not going to remain silent –

"D:     You wasn't there. Don't stipulate that what I did to somebody. You wasn't there.

"C:     Okay, sir.

"D:     Wasn't nobody even witnessing me doing anything.

"C:     Are you going to be quiet, sir? Are you going to be quiet?

"D:     Violating my rights by forcing dumb-fuck P.D. on me.

"C:     Okay, sir, are you going to be quiet?

"D:     No. As a matter of fact, fuck you, what you're going through.

"C:     He's leaving the courtroom.

"D:     Yeah, I'm leaving.

"C:     Thank you.

"D:     I already submitted paper on your punk ass anyway."

Further, and as to defendant's assertion that he had "no other issues" within the last 10 years aside from issues with his girlfriend, we note that the conviction in this case included two serious felonies—kidnapping (§ 207, subd. (a)) and criminal threats (§ 422, subd. (a)). And the conviction in the prior case, involving the same victim, was also a serious felony—false

imprisonment for purposes of using the victim as a shield. These offenses are both serious and demonstrate an escalating pattern of violence, placing defendant within the spirit of the Three Strikes Law. In short, no abuse of discretion is evident on this record.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

SALTER, J.*

---

* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.