[No. S102162. Mar. 6, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
RAUL GOMEZ GUTIERREZ, Defendant and Appellant.

**COUNSEL**

Tracy J. Dressner, under appointment by the Supreme Court, and Maureen J. Shanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Marc E. Turchin, Acting Assistant

Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Robert F. Katz, Karla Cottis and David C. Cook, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHIN, J.—** In a noncapital felony case, Penal Code[1] section 1043, subdivision (b)(2), permits a trial court to continue with trial in a defendant's absence, after the trial has commenced in the defendant's presence, if the defendant is "voluntarily absent." We must decide here whether a defendant in custody who refuses to leave a court lockup facility to attend his trial is "voluntarily absent," and if, under these circumstances, the trial court must obtain the defendant's express waiver of the right to be present. Contrary to the Court of Appeal majority, we conclude that the defendant here was "voluntarily absent," and that his express waiver was not necessary.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant Raul Gomez Gutierrez, along with codefendant Elisaldo Abrego, was charged in connection with the April 7, 2000, robbery of Anabel Bustamante and Adan Sanchez. Their trial began on August 21, 2000. On the second day of the three-day trial, defense counsel informed the court that defendant refused to leave the court lockup. Meanwhile, Abrego pleaded guilty to the charges.

On August 22, defense counsel, along with a court reporter, bailiff, and court-appointed Spanish interpreter, went to the lockup to speak to defendant about his refusal to leave the lockup, and his request for a new attorney his family purportedly hired.[2] The following conversation took place:

"[Defense counsel:] Okay, I spoke to the judge, told him of your intention. There's nobody out there, no family. [¶] If you don't want to come out, the judge says fine, we're going to do the trial without your presence. The judge has no time for fun and games. [¶] We're in the middle of trial. You want to do that, that's fine. I'll represent you without you there. [¶] Personally, I don't need your presence there. I know what I'm going to say and argue. [¶] If you want to do that and waste the court's time, the judge is prepared to let you spend the rest of your trial here away from everybody. That's what we're going to do.

---

[1] All further statutory references are to this code unless otherwise indicated.

[2] The trial court previously denied defendant's motion to substitute new counsel under *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

"[Defendant:] I want to wait for my attorney. He told me he was coming. I need some time. I need two days so I can get the attorney in case that he doesn't show up, because I'm not going to go to court.

"[Defense counsel:] If you're willing to come out and talk to the court and see what the judge tells you about that, I'm here to tell you that he has said no and he's willing to proceed without you. [¶] If you want to come out and talk to the judge, I'm sure that gentleman will bring you right now and let you talk to the judge.

"[Defendant:] To talk about what?

"[Defense counsel:] Your demand, so you can hear in person that the judge says no, we're resuming trial.

"[Defendant:] But then you're going to leave me in there; you're not going to bring me back in there.

"[Defense counsel:] You know, I'm going to make the decision for you. I'm done. I'm leaving you in here. I'm proceeding without you. I'm tired of dealing with this."

Returning to the courtroom without defendant, defense counsel recounted his conversation to the trial judge outside the presence of the jury. The bailiff confirmed that defense counsel's summary was "exactly the way I saw it and heard it as well." The judge asked the bailiff if he was "satisfied also that [defendant] is freely and voluntarily and of his own will refusing to make an appearance in the courtroom." The bailiff responded "yes." Relying on the authority of *People v. Parento* (1991) 235 Cal.App.3d 1378 [1 Cal.Rptr.2d 444], the trial judge ruled that the trial would proceed in defendant's absence. Defense counsel objected that "despite it being my client's wishes, I believe it will have a severe, adverse—very severe, adverse impact on the jury"; counsel also lodged a continuing objection. Defense counsel did not waive defendant's right to presence.

The trial judge admonished the jury not to consider or speculate about defendant's absence: "It must not affect your verdict or be considered by you in the course of your deliberations." At the start of the afternoon session, the bailiff spoke to defendant, who stated he did not wish to return to the courtroom. The record reflected that defendant told the bailiff that "he wanted to stay in the lockup." At that time, the judge informed defense counsel that "[w]e'll keep ordering him out and keep inquiring of him." During defendant's absence, defense counsel cross-examined victim Busta-mante, and victim Sanchez and two police officers testified.

After a one-day absence, defendant returned to the courtroom for closing arguments. Defense counsel, on the record, stated: "I would just like to make it again [*sic*] another clear record although we did it sufficiently yesterday that up until this time my client did not wish to participate in this trial. Not only did he not wish to as of approximately 10:45 yesterday morning, but also before we commenced yesterday afternoon. . . . Be that as it may, he apparently chose to come out today for closing arguments." The trial judge replied: "Yes, all right. I believe we did put [defendant's] decision voluntarily to absent himself from the proceeding yesterday afternoon. . . . I believe the record reflects that [defendant] voluntarily absented himself from the proceedings yesterday afternoon. . . ."

The jury found defendant guilty of second degree robbery of Sanchez, and attempted second degree robbery of Bustamante. Defendant appealed, arguing that, among other things, the trial court erred by concluding defendant voluntarily absented himself from trial without questioning defendant personally about his desire to be absent.

The Court of Appeal majority reversed the trial court's judgment. It concluded the trial court denied defendant's rights to confrontation and due process "[b]y failing to make any effort to obtain a waiver from" him. Relying on federal authority, the majority concluded that because defendant was in custody in the court's lockup, he was "present" in court and did not "voluntarily absent" himself. The majority also determined the error prejudiced defendant because it was likely that defendant's one-day absence from the courtroom influenced the jury's attitude towards him. Also, defendant's presence was critical to his defense because defendant could have assisted counsel during cross-examination of prosecution witnesses.

The dissenting justice, however, believed that defendant was trying to "manipulate the court" by refusing to leave the lockup to speak with the trial judge, and that defendant "voluntarily absented" himself. "By refusing to appear in the courtroom, [defendant] deliberately attempted to bring a halt to his trial and force the trial judge to start proceedings again with new counsel." The dissenting justice disagreed with the majority that the trial judge should have sought, or made attempts to seek, a waiver from defendant personally. "Under these circumstances, the trial judge was not required to leave the bench, march into the lockup with the court reporter, interpreter and trial counsel and seek a waiver of presence from the defendant personally. The trial judge is not required to have his bailiff risk bodily injury by dragging or carrying an uncooperative defendant into the courtroom to discuss a waiver."

We granted the People's petition for review, limiting the issue to whether a custodial defendant who refuses to leave the court lockup to attend his trial

is "voluntarily absent" under section 1043, subdivision (b)(2), and whether the defendant's express waiver of the right to presence is required under the circumstances.

## DISCUSSION

■ "An appellate court applies the independent or de novo standard of review to a trial court's exclusion of a criminal defendant from trial, either in whole or in part, insofar as the trial court's decision entails a measurement of the facts against the law." (*People v. Waidla* (2000) 22 Cal.4th 690, 741 [94 Cal.Rptr.2d 396, 996 P.2d 46].)

■ A criminal defendant's right to be present at trial is protected under both the federal and state Constitutions. (U.S. Const., 6th & 14th Amends.; *United States v. Gagnon* (1985) 470 U.S. 522, 526 [105 S.Ct. 1482, 1484, 84 L.Ed.2d 486]; Cal. Const., art. I, § 15; *People v. Waidla, supra,* 22 Cal.4th at p. 741.) "The constitutional right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, [citation], but we have recognized that this right is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him." (*United States v. Gagnon, supra,* 470 U.S. at p. 526 [105 S.Ct. at p. 1484].) Our state Constitution guarantees that "[t]he defendant in a criminal cause has the right . . . to be personally present with counsel, and to be confronted with the witnesses against the defendant." (Cal. Const., art. I, § 15.)

Sections 977 and 1043 implement the state constitutional protection. (*People v. Douglas* (1990) 50 Cal.3d 468, 517 [268 Cal.Rptr. 126, 788 P.2d 640], disapproved on another point in *People v. Marshall* (1990) 50 Cal.3d 907, 933, fn. 4 [269 Cal.Rptr. 269, 790 P.2d 676].) Section 977, subdivision (b)(1), provides: "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. . . ." Section 1043, subdivision (a), states that "[e]xcept as otherwise provided in this section, the defendant in a felony case shall be personally present at the trial." The parties here do not dispute that defendant had a right to be present at trial when witnesses testified against him.

A defendant's right to presence, however, is not absolute. The high court has stated that a defendant's "privilege may be lost by consent or at times even by misconduct. [Citation.]" (*Snyder v. Massachusetts* (1934) 291 U.S. 97, 106 [54 S.Ct. 330, 332, 78 L.Ed. 674, 90 A.L.R. 575]; see also Fed.

Rules Crim.Proc., rule 43(b), 18 U.S.C. ["voluntarily absent" or "disruptive" defendant].) Under the Penal Code, a defendant "at all other proceedings" may waive in writing the right to be personally present with leave of court. (§ 977, subd. (b)(1); see also *id.*, subd. (b)(2) [form of written waiver].) Also, a defendant's absence "in a felony case after the trial has commenced in his presence shall not prevent continuing the trial to, and including, the return of the verdict in . . . [¶] . . . [¶] [a]ny prosecution for an offense which is not punishable by death in which the defendant is voluntarily absent" (§ 1043, subd. (b)(2)).[3]

■ " '[S]ection 977, subdivision (b)(1), the subdivision that authorizes waiver for felony defendants, expressly provides for situations in which the defendant cannot waive his right to be present, including during the taking of evidence before the trier of fact.' " (*People v. Majors* (1998) 18 Cal.4th 385, 415 [75 Cal.Rptr.2d 684, 956 P.2d 1137]; *People v. Ochoa* (2001) 26 Cal.4th 398, 435 [110 Cal.Rptr.2d 324, 28 P.3d 78].) In other words, "section 977 requires a defendant to be present at the five fundamental proceedings and entitles him to be present at all others." (*Ochoa, supra,* at p. 435.) ■ In this case, defendant was absent from trial one day during which defense counsel cross-examined victim Bustamante, and victim Sanchez and two police officers testified. Defendant returned to the courtroom for closing arguments and was present in court until the jury reached a verdict. It is undisputed that defendant did not waive in writing his right to presence under section 977, subdivision (b).

■ Unlike section 977, subdivision (b)(1), section 1043, subdivision (b)(1), does not specify "certain fundamental proceedings" in which a noncapital defendant may not be absent. (*People v. Ochoa, supra,* 26 Cal.4th at p. 435; *People v. Majors, supra,* 18 Cal.4th at p. 415.) We conclude that section 977, subdivision (b)(1)'s presence requirement does not preclude a defendant from being "voluntarily absent" during the taking of evidence under section 1043, subdivision (b)(2). Section 977, subdivision (b)(1), provides that under certain circumstances, a defendant may execute a written waiver of the right to presence. Under that provision, a trial may commence even in the defendant's absence if the defendant executes a written waiver. (§ 977, subd. (b).) For example, a defendant may be absent when the jury is selected, but he cannot be absent from the entire trial without ever appearing. But when a trial has commenced in a defendant's presence, section 1043 applies. As relevant here, section 1043, subdivision (b)(2), provides that a defendant's voluntary absence does not prevent the trial from continuing.

---

[3]A trial court may also continue with trial in a defendant's absence if, after warning the defendant with the threat of removal, the defendant continues to be disruptive. (§ 1043, subd. (b)(1).)

We perceive that these statutes address different concerns and do not conflict; rather, executing a written waiver and being voluntarily absent are treated as different events under these two statutes.[4]

A contrary interpretation would render section 977, subdivision (b)(1)'s presence requirement absolute, which we have already rejected. (*People v. Welch* (1999) 20 Cal.4th 701, 774 [85 Cal.Rptr.2d 203, 976 P.2d 754].) Section 977, subdivision (b)(1), is "subject to qualification under section 1043, subdivision (b)(1), which permits a felony trial in a defendant's absence" if the defendant is disruptive. (*Welch, supra,* at p. 774.) We see no reason why the qualification should not extend also to section 1043, subdivision (b)(2), in this context. ██ " '[T]here can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward.' [Citation.]" (*Taylor v. United States* (1973) 414 U.S. 17, 20 [94 S.Ct. 194, 196, 38 L.Ed.2d 174] [defendant's voluntary absence].)[5] ██ Accordingly, because defendant here was present when the trial began, section 1043, subdivision (b)(2), governs, notwithstanding section 977, subdivision (b)(1)'s presence requirement.

Section 1043, subdivision (b)(2), "was enacted in 1970 and prior thereto when a defendant was absent from the trial, the statute required the court to declare a mistrial." (*People v. Connolly* (1973) 36 Cal.App.3d 379, 383 [111 Cal.Rptr. 409].) By its terms, section 1043, subdivision (b)(2), does not distinguish between custodial and noncustodial defendants. Several Court of Appeal cases have held that custodial defendants may be deemed "voluntarily absent" under this provision. (*People v. Ruiz* (2001) 92 Cal.App.4th 162, 168-169 [111 Cal.Rptr.2d 640]; *People v. Howard* (1996) 47 Cal.App.4th 1526, 1538-1539 [55 Cal.Rptr.2d 520], disapproved on other grounds in *People v. Fuhrman* (1997) 16 Cal.4th 930, 947, fn. 11 [67 Cal.Rptr.2d 1, 941 P.2d 1189].)

Mirroring rule 43 of the Federal Rules of Criminal Procedure, section 1043, subdivision (b)(2), adopted the majority rule in the United States. (*People v. Connolly, supra,* 36 Cal.App.3d at p. 384, citing *Diaz v. United States* (1912) 223 U.S. 442, 455-456 [32 S.Ct. 250, 253-254, 56 L.Ed. 500].) "Unquestionably section 1043, subdivision (b)(2), was designed to prevent

---

[4]Section 1043, subdivision (b)(2), "shall not limit the right of a defendant to waive his right to be present in accordance with Section 977." (§ 1043, subd. (d).)

[5]While defendant argues that he did not knowingly and voluntarily waive his right to presence, he does not contend that a finding of voluntary absence under section 1043, subdivision (b)(2), constitutes an insufficient waiver of a defendant's right to presence. (See *Snyder v. Massachusetts, supra,* 291 U.S. at p. 106 [54 S.Ct. at p. 332] ["privilege may be lost by consent or . . . by misconduct"].)

the defendant from intentionally frustrating the orderly processes of his trial by voluntarily absenting himself." (*Connolly, supra,* at p. 384.) In determining whether a defendant is absent voluntarily, a court must look at the "totality of the facts." (*Id.* at p. 385.)

Defendant argues that under *People v. Ruiz, supra,* 92 Cal.App.4th 162, and *People v. Howard, supra,* 47 Cal.App.4th 1526, trial courts must personally confront a defendant to determine whether the defendant desires to be voluntarily absent from court proceedings. We disagree. In *Ruiz,* the defendant in open court expressed his wishes "to voluntarily absent himself from the courtroom, giving up the opportunity to look jurors and witnesses in the eye and to assist his attorney in cross-examining witnesses." (*Ruiz, supra,* at pp. 164-165.) In *Howard,* the trial judge went to the defendant's holding cell and advised the defendant that he had a right to be present during the trial to assist counsel and to hear evidence. (*Howard, supra,* at pp. 1535-1536.) However, neither case held that a defendant who never enters the courtroom to begin with must be dragged into it to discuss a waiver, or that the judge must move the proceedings into the lockup.

Indeed, forcing a trial judge to leave the bench each time a defendant did not want to leave the lockup would greatly "frustrat[e] the orderly processes" of court proceedings. (*People v. Connolly, supra,* 36 Cal.App.3d at p. 384.) It would only serve to further a defendant's dilatory tactics. Instead, we have explained that a trial judge may rely on reliable information, such as statements from jail or court personnel, to determine whether a defendant has waived the right to presence. (*People v. Medina* (1995) 11 Cal.4th 694, 739 [47 Cal.Rptr.2d 165, 906 P.2d 2] [discussing § 1043, subd. (b)(1)].) "The court properly relied on jail personnel to relay the pertinent information [that the defendant would not agree to behave] to the court bailiff. No objection was made to this procedure and, in any event, we find it unobjectionable. Busy trial courts need not engage in idle acts." (*Ibid.*)

Defendant also contends that *People v. Lewis* (1983) 144 Cal.App.3d 267 [192 Cal.Rptr. 257], requires that a defendant personally "confront[] the judge and voluntarily say[] he does not desire to participate any further in those proceedings." (*Id.* at p. 279, fn. omitted.) We disagree. In that case, defendant Lewis threatened to be disruptive. (*Id.* at p. 271.) After the trial court informed the defendant that " 'if you will not participate and if you want to be disruptive in the courtroom, I will tell you at this time that we will take you and we will put you in the lockup,' " the defendant responded, " 'Put me in the lockup.' " (*Id.* at p. 271, fn. 1.) The Court of Appeal concluded that "by words and conduct appellant waived his right to be present voluntarily and with full knowledge that the trial was continuing

without his presence." (*Id.* at p. 279.) However, there is a difference between removing a defendant for threatening to be disruptive, as in *People v. Lewis*, and accepting a defendant's voluntary absence, as in the instant case. As we explained in a similar context, "Here, the trial court did not permit defendant to 'waive' his presence in the sense of voluntarily absenting himself from the courtroom. Rather, it is abundantly clear from the trial court's remarks that the only reason it permitted defendant to be absent was that it accepted his representations that he was likely to be disruptive." (*People v. Majors, supra,* 18 Cal.4th at p. 415 [potentially disruptive capital defendant not "voluntarily absent"]; § 1043, subd. (b)(1).)

█ In short, under section 1043, subdivision (b)(2), a trial court may continue a trial in a custodial defendant's absence after the trial has commenced in the defendant's presence—without first obtaining the defendant's written or oral waiver of the right to presence—if other evidence indicates the defendant has chosen to be absent voluntarily. While a defendant's express waiver in front of the judge might be the surest way of ascertaining the defendant's choice, it is not the only way. A defendant's "consent need not be explicit. It may be implicit and turn, at least in part, on the actions of the defendant." (*U.S. v. Watkins* (7th Cir. 1993) 983 F.2d 1413, 1420, fn. omitted; see also *People v. Medina, supra,* 11 Cal.4th at p. 739.) In determining whether a custodial defendant who refuses to leave the lockup is "voluntarily absent" (§ 1043, subd. (b)(2)), a trial court should take reasonable steps to ensure that being absent from trial is the defendant's choice.

█ As noted, defendant here, in the presence of a court reporter and a court bailiff, made unequivocal statements to defense counsel that he did not want to attend his trial: "I'm not going to go to court," and "But then you're going to leave me in there; you're not going to bring me back in there." The record also reflects that defendant, after the trial court denied his *Marsden* motion, sought to get new counsel. Defendant told defense counsel that "I want to wait for my attorney. He told me he was coming. I need some time. I need two days so I can get the attorney in case that he doesn't show up . . . ." Defendant, however, did not seek a continuance to hire a new attorney, nor gave any indication until the middle of trial that he intended to hire a new attorney. It is clear that defendant refused to leave the lockup in hopes of improperly delaying trial to retain another attorney. Under these circumstances, we conclude that defendant chose to be "voluntarily absent" under section 1043, subdivision (b)(2), and sought to "intentionally frustrat[e] the orderly processes of his trial by voluntarily absenting himself." (*People v. Connolly, supra,* 36 Cal.App.3d at p. 384.)

We are mindful of defense counsel's following statements to defendant: "Personally, I don't need your presence there. . . . [¶] . . . [¶] You know,

I'm going to make the decision for you. I'm done. I'm leaving you in here. I'm proceeding without you. I'm tired of dealing with this." While these statements in isolation may suggest that defense counsel, and not defendant, made the decision for defendant to stay in the lockup, these statements must be viewed in context under the "totality of the facts." (*People v. Connolly, supra,* 36 Cal.App.3d at p. 385.) The record reflects that defense counsel asked defendant to return to the courtroom to speak directly to the judge about his "demand." Counsel specifically told defendant that the trial would proceed if defendant chose not to leave the lockup: "If you don't want to come out, the judge says fine, we're going to do the trial without your presence. The judge has no time for fun and games." Despite counsel's urging and admonition, defendant refused to leave. In this context, defense counsel's statements suggest the remarks of a frustrated attorney facing a client's apparent indecisiveness about returning to the courtroom to state his decision not to be present, rather than of one who made the decision for him. Moreover, defendant's subsequent statement to the bailiff that he did not want to return to the courtroom supports the conclusion that defendant himself decided not to be present.

Relying on federal cases, the Court of Appeal majority here concluded that defendant did not "voluntarily absent" himself from trial. (See *U.S. v. Gomez* (10th Cir. 1995) 67 F.3d 1515, 1528; *U.S. v. Watkins, supra,* 983 F.2d at pp. 1421-1422; *Larson v. Tansy* (10th Cir. 1990) 911 F.2d 392, 395-397; *U.S. v. Gordon* (D.C. Cir. 1987) 829 F.2d 119, 125-126 & fn. 7; *Cross v. United States* (D.C. Cir. 1963) 325 F.2d 629, 631; see also *State v. Clements* (1988) 108 N.M. 13 [765 P.2d 1195, 1200] [following *Cross*].) These cases, however, do not support the conclusion that a custodial defendant who expresses a clear desire to be "voluntarily absent" (§ 1043, subd. (b)(2)) from proceedings must confirm that desire through a written or oral waiver in open court or in the lockup.

In *Cross v. United States,* arguably the most analogous federal case, the defendant was "in the custody of the United States Marshal in a room adjacent to the courtroom." (*Cross v. United States, supra,* 325 F.2d at p. 630.) After defense counsel advised the trial court that the defendant refused to return to the courtroom, the court proceeded in his absence based only on the statement from counsel. Reversing the trial court's judgment, the federal Court of Appeals reasoned: "[W]here the defendant is available, 'the serious and weighty responsibility' of determining whether he wants to waive a constitutional right requires that he be brought before the court, advised of that right, and then permitted to make 'an intelligent and competent waiver.' This has been the uniform practice." (*Id.* at p. 631, fn. omitted.)

Rejecting the federal government's contention that the defendant "voluntarily absented" himself under rule 43 of the Federal Rules of Criminal

Procedure, the *Cross* Court of Appeals concluded that rule 43 "has no clear application to defendants in custody. No case, prior to or since the Rule, has even suggested that a defendant in custody, other than escaping, can 'voluntarily absent' himself from his trial." (*Cross v. United States, supra,* 325 F.2d at p. 631, fns. omitted; see also *Diaz v. United States, supra,* 223 U.S. at p. 455 [32 S.Ct. at p. 254] [custodial defendant incapable of waiving right to presence "because his presence or absence is not within his own control"].)

Because the federal court concluded that defendant Cross did not validly waive the right to be present (*Cross v. United States, supra,* 325 F.2d at pp. 632-633), and defendant Diaz was not in custody when he voluntarily absented himself (*Diaz v. United States, supra,* 223 U.S. at p. 445 [32 S.Ct. at pp. 253-254]), the conclusion in these cases that a defendant in custody *cannot* waive the right to presence is arguably dictum. (*U.S. v. Gordon, supra,* 829 F.2d at p. 125, fn. 7 [majority holding defendant must personally waive right to presence on the record].) "There is even some authority, albeit dictum, for the proposition that a defendant in custody does not have the power to waive his right to be present 'because his presence or absence is not within his own control.' " (*Ibid.,* citing *Diaz, Cross,* and other cases].)[6]

As noted, section 1043, subdivision (b)(2)'s statutory language does not distinguish between custodial and noncustodial defendants. (See *ante,* at p. 1204.) Moreover, the underlying premise, that a custodial defendant cannot be absent voluntarily because "presence or absence is not within his own control" (*Diaz v. United States, supra,* 223 U.S. at p. 455 [32 S.Ct. at p. 254]), is an unrealistic view of a defendant's volition and resolve to remain absent from court proceedings. A person in custody, as any person, can voluntarily choose to be absent. As the dissent below recognized, a bailiff could drag an unwilling and uncooperative defendant out of the lockup to the courtroom, but doing so would expose the bailiff and others, including the defendant, to bodily injury. More importantly, if we did not recognize that a custodial defendant may be absent *voluntarily,* we inevitably would run the risk that a defendant would "disrupt the courtroom in order to accomplish his removal." (*People v. Arias* (1996) 13 Cal.4th 92, 147 [51 Cal.Rptr.2d 770, 913 P.2d 980].) We have already rejected that notion: "It would be anomalous, we reasoned, if the right [to presence] could not also be waived by more peaceable means. 'To hold otherwise . . . would force a defendant into "the untenable position of having to disrupt the courtroom to such an extreme as to result in his removal, thereby seriously prejudicing his case." [Citations.]' " (*Ibid.*)

---

[6]Indeed, in the *Gordon* dissent's view, *Cross v. United States* has been "thoroughly undermined by later Supreme Court authority." (*U.S. v. Gordon, supra,* 829 F.2d at p. 130 (dis. opn. of Williams, J.) [discussing *Taylor v. United States, supra,* 414 U.S. 17, and *United States v. Gagnon, supra,* 470 U.S. 522].)

The additional federal cases on which the Court of Appeal majority relied are distinguishable. In one case, unlike here, defense counsel failed to appear at trial, which failure the trial court imputed to the defendant. (*U.S. v. Gomez, supra,* 67 F.3d at pp. 1527-1528 [no waiver where both counsel and defendant were absent when court answered jury questions].) In other cases, defense counsel sought to waive the defendant's right to presence without any indication of the defendant's intent. (*Larson v. Tansy, supra,* 911 F.2d at pp. 396-397 [no waiver of right to presence where defendant did not speak to counsel and spent most of trial with his head on the table]; *U.S. v. Gordon, supra,* 829 F.2d at pp. 124-126 [no waiver where counsel represented that defendant, for "tactical" reasons, declined to be present in the courtroom].) Finally, in another case, again unlike this, the defendant's statements and actions were "ambiguous." (*U.S. v. Watkins, supra,* 983 F.2d at p. 1420 [no waiver where "defendant's conduct in the courtroom was completely passive and susceptible to several interpretations"].)

A defendant's right to presence is "fundamental to our system of justice and guaranteed by our Constitution." (*People v. Lewis, supra,* 144 Cal.App.3d at p. 279.) Thus, a trial court should not "summarily plung[e] ahead" with trial in a defendant's absence. (*People v. Vargas* (1975) 53 Cal.App.3d 516, 526 [126 Cal.Rptr. 88].) However, contrary to defendant's suggestion, the circumstances of this case demonstrate that the trial court took reasonable steps to determine that defendant was "voluntarily absent" before continuing with trial in his absence. (§ 1043, subd. (b)(2).)

Because we find that the trial court did not err in concluding defendant was "voluntarily absent" (§ 1043, subd. (b)(2)), and properly continued with trial in his absence, we do not reach the question whether defendant's absence was prejudicial

### CONCLUSION

We reverse the Court of Appeal's judgment and remand the matter for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Brown, J., and Moreno, J., concurred.

Appellant's petition for a rehearing was denied May 14, 2003.