Filed 3/26/14  P. v. Loftis CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARTIN CURTIS LOFTIS,<br><br>    Defendant and Appellant. | B251878<br><br>(Los Angeles County<br>Super. Ct. No. BA035840) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald H. Rose, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Martin Curtis Loftis appeals from an order granting his postjudgment motion to correct an error in the determination of presentence custody credits.

In 1992, appellant was convicted of one count of murder with special circumstances (Pen. Code, §§ 187, subd. (a), 192)[1] during which he personally used a firearm (§ 12022.5, subd. (a)), and two counts of armed robbery (§§ 211, 12022.5, subd. (a)) during which he inflicted great bodily injury on the victims (§ 12022.7). He was sentenced to life without the possibility of parole for the murder, and concurrent terms of 10 years in state prison on the robbery counts. At the time of sentencing, the trial court determined his presentence custody credits to be 562 days of actual custody and 281 days of conduct credit for a total of 843 days.

In July 2013, appellant filed a motion to correct the credits, arguing he had actually been in custody 564 days. The trial court granted the motion, and ordered an amended abstract of judgment be prepared showing 564 days of actual custody and 282 days of conduct credit for a total of 846 days. Appellant then filed a notice of appeal, arguing he had the right to be present when the court issued the order correcting the sentence.

After examining the record, appointed appellate counsel filed a brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.) On December 5, 2013, we advised appellant he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider. At appellant's request, we entered an order granting him until March 7, 2014 to file a supplemental brief. No brief has been received by this court.

A defendant has both a constitutional and a statutory right to be present at

[1] All further statutory citations are to the Penal Code.

2

critical stages of a criminal prosecution, including sentencing.  (*People v. Romero* (2008) 44 Cal.4th 386, 418; *People v. Gutierrez* (2003) 29 Cal.4th 1196, 1202.) Any error pertaining to a defendant's presence at sentencing is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 24.  (*People v. Davis* (2005) 36 Cal.4th 510, 532.)  Here, any error was harmless beyond a reasonable doubt, as appellant received the relief he requested.

This court has examined the entire record in accordance with *People v. Wende*, *supra*, 25 Cal.3d at pages 441-442, and is satisfied appellant's attorney has fully complied with the responsibilities of counsel, and no arguable issues exist. Accordingly, we affirm the judgment of conviction.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, J.


We concur:



WILLHITE, Acting P. J.                                    EDMON, J.*


_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section  6 of the California Constitution.