Filed 3/30/22  P. v. Mabrok CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059642 |
| v. | (Super. Ct. No. 11HF3038) |
| AHMAD KHALIAH MABROK, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Ahmad Khaliah Mabrok appeals a postjudgment order denying his motion for mental health diversion under Penal Code section 1001.36. He contends reversal is required because he was not present at the motion hearing. However, the record shows appellant waived his right to attend the hearing through counsel, and, even if that were not the case, any error in conducting the hearing in his absence was harmless. We therefore affirm the trial court's ruling.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are set forth in our prior opinion in *People v. Mabrok* (Oct. 10, 2019, G056251) [nonpub. opn.] (*Mabrok I*).[1] In sum, the record shows appellant commandeered a limousine by force in Irvine and led police on a dangerous high-speed chase to his brother's house in Whittier, where he crashed into a fence and was tracked down by a police dog.

At trial, appellant presented evidence he suffers from bipolar disorder and was having delusional thoughts on the day in question. Nonetheless, the jury rejected his mental impairment defense and convicted him of carjacking, evading arrest while driving recklessly, and unlawfully taking a vehicle. Because he was a repeat offender, the trial court sentenced him to six years and eight months in prison.

While appellant's appeal was pending, the Legislature enacted Penal Code section 1001.36, which authorizes diversion for defendants with mental health disorders. Under that section, a trial court may grant diversion if: "(1) the defendant suffers from a qualifying mental disorder; (2) the disorder played a significant role in the commission of the charged offense; (3) the defendant's symptoms will respond to mental health treatment; (4) the defendant consents to diversion . . .; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to

---

[1] We grant the parties' request to judicially notice this opinion and the appellate record in that case. (Evid. Code, §§ 452, subd. (d), 459.)

public safety if treated in the community.  [Citation.]"  (*People v. Frahs* (2020) 9 Cal.5th 618, 626-627.)

In *Mabrok I*, we determined appellant was entitled to the benefit of this new law because his case was not yet final.  (*Mabrok I, supra*, G056251, at pp. 3-8.) Therefore, we conditionally reversed the judgment and remanded the case for the trial court to assess appellant's eligibility for diversion under that statutory scheme.  (*Id*. at pp. 8-9.)

At the time of the diversion hearing, appellant was still serving his prison sentence in San Luis Obispo.  At the outset of the hearing, defense counsel informed the court appellant waived his right to attend the hearing, and the hearing proceeded in his absence.  Based on psychological reports submitted by the parties, the court found appellant suffers from a qualifying mental illness.  However, the court did not believe appellant would benefit from treatment because the reports indicate appellant denies having a mental disorder, and he has not complied with treatment in the past.  In fact, the reports suggest the events giving rise to this case were precipitated by appellant's failure to take his prescribed medications.[2]

The trial court was also concerned about the threat appellant would pose to public safety if he were released into the community to attend a diversion program. Citing appellant's prior criminal record (which includes convictions for battery, domestic violence and elder abuse), his dangerous conduct in this case (which the court described as "ultrahazardous"), and his poor adjustment while in custody (during which appellant has been cited for numerous major rule violations), the court determined appellant would be like a ticking "time bomb" if he were to be released from prison.  Therefore, the court

---

[2] The parties have filed sealed and redacted appellate briefs to keep the information in the reports as private as possible, but much of that information was disclosed in the course of appellant's underlying trial. Moreover, the nature of appellant's claim for mental health diversion dictates that we disclose a certain amount of information about his psychological condition.  (See, e.g., *People v. Pacheco* (2022) 75 Cal.App.5th 207.)  We have disclosed no more information than is necessary to adjudicate his appeal.

3

denied his request for diversion in lieu of confinement. It then reinstated the judgment with but one modification, consisting of a mandatory one-year reduction in appellant's sentence due to a new sentencing law enacted after his trial.

DISCUSSION

Appellant contends the trial court prejudicially erred in conducting the diversion hearing in his absence. We disagree.

A criminal defendant "has a constitutional right to be present at all critical stages of the criminal prosecution, i.e., 'all stages of the trial where his absence might frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' [Citation.]" (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260.) This right is also protected by statutory provisions designed to ensure the defendant has the opportunity to be personally involved in his court proceedings. (Pen. Code, §§ 1043, 977.)

"A defendant's right to presence, however, is not absolute." (*People v. Gutierrez* (2003) 29 Cal.4th 1196, 1202.) A defendant may waive his right to be present, so long as the waiver is voluntary, knowing and intelligent. (*People v. Nieves* (2021) 11 Cal.5th 404, 508.) While this generally requires proof the defendant executed a written waiver in open court (Pen. Code, § 977, subd. (b)), the trial court may consider other evidence in determining whether the defendant has voluntarily absented himself from the proceedings. (*People v. Gutierrez, supra,* 29 Cal.4th at p. 1206.) Indeed, our Supreme Court has made it clear "that a trial judge may rely on reliable information, such as statements from jail or court personnel, to determine whether a defendant has waived the right to presence. [Citation.]" (*Id.* at p. 1205.)

In this case, appellant's own attorney was the one who represented to the court that appellant waived his right to attend his diversion hearing. As an officer of the court, defense counsel had an ethical responsibility not to mislead the court on this or any

4

other matter. (Bus. & Prof. Code, § 6068, subd. (d).) And there is nothing in the record to suggest defense counsel lacked the authority to enter the waiver on appellant's behalf. Accordingly, we conclude appellant waived his right to personally appear at the hearing. (See *People v. Fedalizo* (2016) 246 Cal.App.4th 98 [trial courts are allowed to rely on the representations of counsel on a wide variety of issues, including whether their clients are knowingly absent from the proceedings].)[3]

Furthermore, any error in excluding appellant from the hearing was harmless under any standard of review. At the hearing, the trial court relied primarily on the various psychological reports that were submitted into evidence. Those reports were prepared by mental health professionals who interviewed, tested, and evaluated appellant to assess his psychological functioning and suitability for mental health diversion. As such, the reports include a wealth of information from appellant himself about his mental health history and what led him to commit the crimes in this case. Although appellant was not entirely consistent in his remarks, he admitted that when treated in the past, he stopped taking his prescribed medications because he did not like how they made him feel. He also told his evaluators that he thinks he is fine, even though he continues to display symptoms of mental illness. Given appellant's statements in this regard, it is exceedingly unlikely his presence at the diversion hearing would have assuaged the trial court's doubts about his ability to benefit from additional treatment.

It is equally improbable appellant's presence would have alleviated the trial court's concerns about his potential danger to the public. As the trial court pointed out, appellant has an extensive history of violent and dangerous criminal conduct, and his penchant for misbehavior has not abated while in custody. Appellant suggests he would have been able to explain his custodial misconduct if he had personally attended the diversion hearing. But the record shows he has been cited for over a dozen major rule

---

[3] Given this conclusion, we need not consider respondent's alternative argument that the invited error doctrine applies to preclude appellant from challenging his absence from the hearing.

violations while in custody, including a violation for brawling with another inmate in 2020. During that incident, appellant refused repeated commands to stop fighting and did not relent until correctional officers doused him with pepper spray. That would have taken a lot of explaining.

All told, we are satisfied appellant validly waived his right to attend the diversion hearing through his attorney, and any error in conducting the hearing in his absence was patently harmless. Therefore, we have no reason to disturb the trial court's ruling.

## DISPOSITION

The order denying appellant's motion for diversion is affirmed.


BEDSWORTH, ACTING P. J.


WE CONCUR:


MOORE, J.


SANCHEZ, J.

6