Filed 1/3/23  P. v. Glass CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CORNELL CAREY GLASS,<br><br>    Defendant and Appellant. | 2d Crim. No. B314909<br>(Super. Ct. No. MA074807)<br>(Los Angeles County) |

Cornell Carey Glass appeals a judgment following conviction and resentencing of home invasion robbery (two counts), assault with a firearm, battery with serious bodily injury, assault with a deadly weapon (two counts), assault with a semiautomatic firearm on a peace officer, illegal firearm possession, evading a peace officer, willful driving in the opposite direction, and failing to perform legal duty following a vehicle accident, with criminal street gang, use of a firearm by a

1

principal, and out-on-bail findings. (Pen. Code, §§ 211, [1] 213, subd. (a)(1)(A), 245, subd. (a)(2), 243, subd. (d), 245, subds. (c) & (d), 29800, subd. (a)(1), 186.22, subd. (b), 12022, subd. (a)(1), 12022.1; Veh. Code, §§ 2800.2, 2800.4, 20002.) We vacate the criminal street gang related enhancement findings and remand for further proceedings, but otherwise affirm.

### FACTUAL AND PROCEDURAL HISTORY

In July 2018, Glass aided and abetted three crime partners during the home invasion robbery of the W. family in Palmdale. Glass acted as the getaway driver and surveillance videos captured him driving his crime partners and a suitcase containing cash and jewelry away. A witness followed Glass's vehicle and obtained the license plate number. Approximately one month later, Glass was stopped for traffic violations. He backed into a patrol car, accelerated toward a deputy, pointed a stolen handgun at a deputy, and led deputies on a chase.

Glass and his crime partners were members of the Rolling 60's criminal street gang. They seized several hundred thousand dollars in cash, jewelry, guns, ammunition, and silver bars from the W. family. They also struck and kicked Mr. W. during the robbery.

Following a court trial, the trial court sentenced Glass in part to consecutive life terms for two counts of home invasion robbery with firearm enhancements (stayed) and 15-year minimum parole eligibility periods. (§ 186.22, subd. (b)(4).) Glass appealed and raised a sentencing issue concerning the section 12022.53, subdivision (e) firearm enhancements, among other claims. We struck the firearm enhancements for the home

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

2

invasion robbery counts and affirmed the judgment as modified. (*People v. Glass* (June 3, 2021, B303432) [nonpub. opn.].)

The Department of Corrections and Rehabilitation (Department) then notified the trial court that it had erroneously sentenced Glass for simple assault instead of assault on a police officer. On August 30, 2021, the court resentenced Glass to a slightly reduced sentence (eight months less) but still including 15-year parole eligibility periods for the home invasion robbery counts (counts 1 & 2). (§ 186.22, subd. (b)(4).) The court sentenced Glass in absentia without a signed waiver of presence. Appointed counsel represented Glass during the resentencing hearing. Counsel stated that he did not receive the completed waiver form that he had sent Glass nor had he heard from Glass in response to his letter.

Glass appeals and contends that: 1) the trial court erred by resentencing him in absentia, and 2) newly enacted legislation regarding criminal street gang enhancements is applicable and requires reversal.

*DISCUSSION*

*I.*

Glass argues that the trial court violated his constitutional right to be present at the resentencing hearing without a knowingly and voluntarily signed waiver. He asserts that the error violates his statutory rights and federal and state constitutional rights to due process of law.

On June 23, 2021, in response to a letter from the Department, the trial court held a hearing regarding resentencing. Appointed counsel for Glass was present, but Glass was not. The trial judge stated: "[Glass] was not ordered down and I don't think we can proceed with resentencing in his absence

3

or without a waiver of his appearance which I would entertain given the minimal nature of the changes." The court then questioned counsel whether he had been in contact with Glass. Counsel responded that he was unsure of Glass's location, but he would write him and enclose a waiver of appearance at resentencing once he learned of Glass's present prison housing. The court then directed counsel to review the Department's website to find Glass's current location. The court indicated it would then "order [Glass] down" for a resentencing hearing.

On August 27, 2021, a prison correctional officer was instructed to ask Glass if he would attend the mandatory court resentencing set for August 30, 2021. Glass replied: "No, I already told him I wasn't going." The Department then informed the trial court of Glass's response. On August 30, 2021, the court held a resentencing hearing. Appointed counsel for Glass was present but Glass was not.

The trial judge stated that he had ordered Glass "down from state prison for these proceedings [but] he has refused to leave the state prison." The court then referred to the monetary costs involved in forcibly extracting and transporting Glass from prison as well as the possibility of "extreme" violence, given Glass's prior behavior with law enforcement officers. The court concluded that Glass has "voluntarily absented him[self] from these proceedings" and it proceeded to resentence him.

A defendant has a constitutional right to be present at all critical stages of a criminal proceeding, including sentencing and resentencing. (*Kentucky v. Stincer* (1987) 482 U.S. 730, 745 [96 L.Ed.2d 631, 647]; *People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348.) Section 977, subdivision (b)(1) provides that a defendant charged with a felony shall be personally present

4

"when evidence is taken before the trier of fact, and at the time of the imposition of sentence." Section 1043 provides that "the defendant in a felony case shall be personally present at the trial." Nevertheless, a defendant may voluntarily absent himself from a hearing. (*Taylor v. United States* (1973) 414 U.S. 17, 20 [38 L.Ed.2d 174, 178]; *People v. Lewis* (1983) 144 Cal.App.3d 267, 276.) Section 1193, subdivision (a) provides that upon being convicted of a felony, the defendant shall be personally present when judgment is pronounced against him or her unless "after the exercise of reasonable diligence to procure the presence of the defendant, the court shall find that it will be in the interest of justice that judgment be pronounced in his or her absence." The decision to proceed in absentia is reviewed for an abuse of discretion. (*People v. Espinoza* (2016) 1 Cal.5th 61, 75-76.)

The trial court did not abuse its discretion by proceeding in Glass's absence to correct a sentencing error pointed out by the Department. The court could reasonably rely upon the information provided by prison officials that Glass declared that he would not attend the proceeding. (*People v. Gutierrez* (2003) 29 Cal.4th 1196, 1205-1206 [trial court may rely on reliable information such as statements from jail personnel that a defendant has waived the right to be present in court proceedings].) Moreover, Glass's counsel informed the court that he had sent mail and an official waiver form for Glass to execute, but that Glass had not responded.

The trial court's decision was also reasonable and in the interests of justice in view of Glass's prior violent actions directed against law enforcement officers. The court properly considered the risk of violence occasioned by a forcible extraction from prison and county jail in exercising its discretion to proceed. The same

judge presided over the resentencing and the guilt phase of the court trial, which included Glass's convictions for assaults upon police officers.  Any error in not obtaining a signed waiver of presence was harmless pursuant to any standard of review.

In view of our conclusion, we need not discuss whether Glass received the effective assistance of counsel given counsel's failure to object to the resentencing in absentia.

## II.

Glass asserts that the new requirements for criminal street gang findings, Assembly Bill No. 333 (2021-2022 Reg. Sess.), require reversal of the life sentences imposed for the two counts of home invasion robbery, counts 1 and 2, and the gang enhancements (stayed) for counts 5 and 6.  (§ 186.22.)  In particular, Glass contends that the prosecutor did not present evidence at trial satisfying the new and additional elements of section 186.22, i.e., the predicate offenses commonly benefitted the criminal street gang; the benefits derived from the offenses were more than reputational; and the gang members collectively engaged in a pattern of gang activity.  (*Id.*, subds. (e), (f) & (g).)

Glass points out that the evidence offered at trial pursuant to former section 186.22 consisted of a minute order reflecting a gang member's conviction for residential burglary in 2014, and a second minute order reflecting another gang member's conviction for unlawful possession of firearm in 2015.  The gang expert witness did not opine whether the gang received a common benefit from these crimes; whether the benefits were reputational or otherwise; or whether the gang members collectively engaged in a pattern of gang activity.

The Attorney General agrees with Glass that he is entitled to the ameliorative benefits of Assembly Bill No. 333 to section

6

186.22.  We agree because Glass's judgment is not final.  (*People v. Tran* (2022) 13 Cal.5th 1169, 1206-1207; *In re Estrada* (1965) 63 Cal.2d 740, 744-745.)

Here the trial occurred prior to the amendments of section 186.22 and the trial court did not make the factual determinations now required by the amendments.  Nevertheless the Attorney General argues remand is not required because overwhelming evidence supports the gang allegation.

On this record, we are not prepared to say with certainty that the trial court would have found sufficient evidence of the requisite elements.  (*People v. Lopez* (2021) 73 Cal.App.5th 327, 346.)

"The [appellate] court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances."  (§ 1260.)

We remand this matter to permit the prosecution to retry the enhancement and meet its burden of proof pursuant to the new requirements of Assembly Bill No. 333.

*DISPOSITION*

We vacate the criminal street gang enhancement findings of section 186.22, and remand for further proceedings. We otherwise affirm.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

Henry J. Hall, Judge

Superior Court County of Los Angeles

_____

Jason M. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.