Filed 10/24/24  P. v. Peyton CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEE EDWARD PEYTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B334525<br>(Super. Ct. No. 2016004171)<br>(Ventura County) |

Lee Edward Peyton appeals from the trial court's order striking six one-year prior prison term enhancements from his sentence pursuant to Penal Code[1] section 1172.75.  Peyton contends the order must be reversed because he did not waive his right to be present at resentencing.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2017, a jury convicted Peyton of committing one count of forcible rape (§ 261, subd. (a)(2)) and three counts of lewd or lascivious act on a child (§ 288, subd. (c)(1)).  The trial court

_____

[1] Statutory references are to the Penal Code.

found true allegations that Peyton suffered three prior strike convictions (§§ 667, subds. (c)-(e), 1170.12, subds. (a)-(c)) and two prior serious felony convictions (§ 667, subd. (a)(1)), and that he served prior terms in prison (former § 667.5, subd. (b)). It sentenced him to 66 years to life[2] in state prison: 25 years to life for the rape conviction, 25 years to life for one of the lewd acts convictions, 10 years for the prior serious felonies, and six years for the prison priors. Sentences on Peyton's remaining convictions and enhancements were stayed. We affirmed the judgment on appeal. (*Peyton*, *supra*, 2018 WL 3912799 at p. *5.)

In August 2023, Peyton's counsel and the prosecutor appeared before the trial court, with counsel appearing pursuant to section 977. (See § 977, subd. (b)(1) [permitting waiver of defendant's presence].) Counsel told the court that the parties had agreed that the prior prison term enhancements should be stricken but that Peyton's sentence should otherwise remain unchanged. The matter was continued so the judge who presided over Peyton's trial could rule on the matter. The matter was continued two more times.

Counsel and the prosecutor appeared before the trial court again in December. At the beginning of the resentencing hearing counsel said Peyton was incarcerated and that he was "appearing on his behalf." Counsel did not again say that Peyton had waived his appearance, however, or that he was authorized to appear pursuant to section 977. Nor did the court again make any finding permitting counsel to appear pursuant to that section. It

---

[2] Our opinion in Peyton's prior appeal, *People v. Peyton* (Aug. 16, 2018, B283608) [nonpub. opn.] 2018 WL 3912799, erroneously stated that the trial court sentenced Peyton to 76 years to life in state prison (see *id.* at p. *1).

2

agreed with both counsel and struck the prison priors from Peyton's sentence in his absence. The court then updated the number of credits Peyton had accrued toward his now 60-year-to-life sentence and concluded the hearing.

## DISCUSSION

Peyton contends the trial court's resentencing order must be vacated because he neither appeared at nor waived his presence at the resentencing hearing. We disagree.

A defendant has the right to be present at all " ' "critical stages of the criminal prosecution," ' " including resentencing. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673 (*Velasco*).) The defendant may waive the right to be present at resentencing by entering a knowing, voluntary, and intelligent waiver. (*People v. Santos* (2024) 100 Cal.App.5th 666, 677-678, review granted May 29, 2024, S284341.) Alternatively, counsel may enter such a waiver on a defendant's behalf so long as there is "some evidence that the defendant understood the right [they were] waiving and the consequences of doing so." (*People v. Davis* (2005) 36 Cal.4th 510, 532.)

We independently determine whether counsel entered a valid waiver. (*People v. Gutierrez* (2003) 29 Cal.4th 1196, 1202.) If we conclude they did not, reversal is required unless we "conclude beyond a reasonable doubt that it did not affect the outcome of the proceeding." (*Velasco, supra*, 97 Cal.App.5th at p. 674.)

Here, counsel did not enter a valid waiver of Peyton's presence at the December 2023 resentencing hearing. Though he said he was "appearing on [Peyton's] behalf," unlike at the prior hearing in August, nothing in the record indicates that he was authorized to do so pursuant to section 977 or that Peyton had

waived his appearance. And we cannot presume that Peyton knowingly, voluntarily, and intelligently waived his presence at his resentencing hearing simply because counsel previously appeared pursuant to section 977; as in *Velasco*, although Peyton previously waived his presence, "there is no corresponding writing in the record" stating that he did so for this hearing, his attorney did not state as much at the hearing, and the court did not make any finding permitting counsel to appear pursuant to section 977. (*Velasco*, *supra*, 97 Cal.App.5th at p. 674.) We thus conclude, as does the Attorney General, that it was error to resentence Peyton in his absence. (See, e.g., *Velasco*, *supra*, 97 Cal.App.5th at p. 674; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*).)

But in our view the error did not affect the outcome of the proceeding. When the matter first came on for resentencing, counsel told the trial court that the parties had agreed that the prison priors should be stricken but that Peyton's sentence should otherwise remain unchanged. In other words, the parties *stipulated* that Peyton should be resentenced to 60 years to life in state prison. That distinguishes this case from *Velasco, supra*, 97 Cal.App.5th at page 669 and *Cutting*, *supra*, 42 Cal.App.5th at page 347, where there was no indication that the parties had agreed to the length of the sentences to be imposed on resentencing. Because the court below ultimately imposed the agreed-upon sentence, any error was harmless beyond a reasonable doubt.

Peyton speculates that had he been present at the resentencing hearing he could have "argued to have his strikes stricken, or presented evidence of some change in circumstances since the original sentence was imposed, or simply made a plea

4

for leniency." But Peyton made no such requests in the trial court. He cannot do so for the first time here. (*People v. Scott* (1994) 9 Cal.4th 331, 356.)

DISPOSITION

The order striking the prison priors from Peyton's sentence and resentencing him to 60 years to life in state prison, entered December 6, 2023, is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.


5

Michele M. Castillo, Judge

Superior Court County of Ventura

_____

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

.