Filed 2/23/26  P. v. Washington CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>TRACY BERNARD WASHINGTON,<br><br>　　　Defendant and Appellant. | B343173<br><br>(Los Angeles County Super. Ct. No. NA051163) |

APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Modified and affirmed with directions.

Christina Vanarelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Susan Sullivan Pithey, Assistant Attorneys General, Noah P. Hill and Deepti Vaadyala, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Tracy Bernard Washington (appellant) appeals from a resentencing order, asserting that the trial court improperly proceeded in his absence. We reject his contention and affirm, but direct the trial court to correct the abstract of judgment to show that two one-year enhancements were stricken rather than stayed.

## BACKGROUND

In 2002, appellant was convicted of criminal threats (Pen. Code, § 422).[1] He was sentenced to 45 years to life in prison, which included 25 years to life, plus four five-year enhancements for prior serious felonies (§ 667, subd. (a)). Two one-year enhancements for prior prison terms (§ 667.5, subd. (b)) were imposed but stayed.

In 2024, his case was set for resentencing under sections 1172.7, subdivision (a) and 1172.75, subdivision (a). On July 15, 2024, counsel appeared for appellant's resentencing, and the trial court continued the hearing, ordering appellant to appear at the next hearing date.

On October 22, 2024, the trial court called the matter for resentencing and noted that appellant "has not been removed from" prison. The court "re-ordered [him] out" for the next hearing date.

On December 10, 2024, the trial court convened the resentencing hearing, and appellant was again "not present before the court." Counsel had filed a "waiver of personal appearance" dated March 14, 2023, which stated that appellant had "been advised of his . . . right to be present at all stages of the proceedings," and "hereby waives the right to be present at the hearing of any motion or other proceeding in this cause including

---

[1] Undesignated statutory references are to the Penal Code.

2

but not limited to re-sentencing." Appellant's counsel explained that he sent appellant a letter in November 2024 asking whether he wanted to attend the hearing, and appellant did not respond.

The court noted that it had issued an inmate transport order and received a note from the state prison that appellant could not be transported because he requires a wheelchair, which the transporters were not advised of beforehand. The court had also sent "an order for a Webex hearing [that] morning to see if [appellant] wanted to be here via Webex," and appellant refused to attend via Webex.

The court therefore proceeded in appellant's absence, reduced his sentence by 10 years (by striking two five-year enhancements), struck two one-year enhancements that had been imposed but stayed, and reduced a restitution fine from $10,000 to $300. The abstract of judgment erroneously states that the two one-year enhancements were stayed rather than stricken.

## DISCUSSION

A defendant's right to be personally present at trial is guaranteed under the federal Constitution by the Sixth and Fourteenth Amendments and under the California Constitution (art. I, § 15), and by sections 977 and 1043 of the Penal Code. (*People v. Concepcion* (2008) 45 Cal.4th 77, 81 (*Concepcion*).) This right extends to " 'all critical stages of the criminal prosecution, i.e., "all stages of the trial where his absence might frustrate the fairness of the proceedings." ' " (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347.) The right to be personally present may be waived, however, and waiver may be express or implied. (*Concepcion*, at p. 82; *People v. Gutierrez* (2003) 29 Cal.4th 1196, 1206 (*Gutierrez*) [a defendant's waiver " 'may be implicit and turn, at least in part, on the actions of the

3

defendant' "].)  We review a trial court's finding that appellant was voluntarily absent for substantial evidence, based on the totality of the facts.  (*People v. Ramirez* (2022) 14 Cal.5th 176, 181; *People v. Espinoza* (2016) 1 Cal.5th 61, 74; *Gutierrez, supra*, at p. 1205.)

Substantial evidence supports the trial court's finding that appellant waived his right to be physically present at his resentencing hearing.  Appellant was ordered to appear physically at the hearing and failed to do so twice.  The record does not disclose why he did not appear on the October hearing date.  At the next hearing in December, appellant again failed to appear, apparently because he required a wheelchair.  But the trial court also ordered him to appear via Webex, which he refused to do.  His refusal to appear via Webex, if only to state his desire to be physically present at his resentencing, supports the trial court's finding that he was voluntarily absent from the proceedings.  This finding is further supported by an earlier waiver he had signed under section 977, subdivision (b) to show that he waived his right to be present at any proceeding, including resentencing.  Although appellant is correct that section 977, subdivision (b) does not contemplate waiver by a felony defendant of his presence at sentencing, the trial court properly considered the signed document in concluding that appellant's absence was voluntary.  (*Gutierrez, supra*, 29 Cal.4th at p. 1205 [voluntary absence is to be determined based on the totality of facts].)  Appellant also failed to respond to his attorney's letter about whether he wanted to attend his hearing.  Allowing appellant to come forth now and assert his right to be personally present at the resentencing hearing "would only serve to further a defendant's dilatory tactics" and " 'frustrat[e] the

4

orderly processes' of court proceedings." (*Gutierrez*, at p. 1205; see also *Concepcion*, *supra*, 45 Cal.4th at p. 82 [" ' "Neither in criminal [proceedings] nor in civil cases will the law allow a person to take advantage of his own wrong" ' "].)

We similarly reject appellant's claim that his counsel was ineffective for failing to object to the trial court's decision to proceed in his absence. Such a claim requires a showing that his counsel's performance was deficient, and that he suffered prejudice as a result. (*People v. Mickel* (2016) 2 Cal.5th 181, 198.) Appellant's claim fails at the outset because his counsel's performance was not deficient. (*In re Tellez* (2024) 17 Cal.5th 77, 88 [we need not address both elements if one is not satisfied].) Under all of the circumstances mentioned above, including that appellant ignored a letter from his counsel asking whether he wanted to attend, we conclude that counsel's decision not to object to proceeding in appellant's absence was a reasonable tactical decision. (*Mickel*, at p. 198 ["we begin with the presumption that counsel's actions fall within the broad range of reasonableness, and afford 'great deference to counsel's tactical decisions' "].)

## DISPOSITION

The order is affirmed, and the trial court is directed to prepare an amended abstract of judgment to reflect that the two

one-year enhancements were stricken and to forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


LUI, P. J.


We concur:



CHAVEZ, J.



GILBERT, J.*


* Retired Presiding Justice of the Court of Appeal, Second Appellate District, Division Six, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


6